CRABTREE, APPELLEE, *v.* YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLANTS.

[Cite as Crabtree v. Young, Admr., 1 Ohio St 2d 93.]

(No. 38668—Decided February 17, 1965.)

94

*Mr. Richard N. Larrimer* and *Mr. Tom Reed*, for appellee.
*Mr. William B. Saxbe*, attorney general, *Mr. Robert M. Duncan* and *Mr. Harold A. Knouff*, for appellants.

ZIMMERMAN, J. As already indicated, the primary question presented is whether on the facts narrated an appeal to the Court of Common Pleas may properly be taken by the claimant under applicable Section 4123.519, Revised Code, effective in 1959, which as pertinent reads:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted * * *. Like appeal may be taken from a decision of a regional board from which the commission has refused to permit an appeal to the commission * * *.

"The claimant shall * * * file a petition setting forth the

basis for the jurisdiction of the court over the action and setting forth the issues. Further pleadings shall be had in accordance with the rules of civil procedure * * *. The court, or the jury under the instructions of the court, if a jury is demanded, shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of such action."

It has been held that claimant's appeal to the Court of Common Pleas contemplates a new trial in that court. *State, ex rel. Federated Department Stores, Inc.,* v. *Brown,* 165 Ohio St. 521, 138 N. E. 2d 248.

The position of the administrator is that under the definition contained in Section 4123.01 (B), Revised Code, for one to be an "employer" he must have "in service three or more workmen * * * regularly in the same business * * * under any contract of hire," and that a hirer of workmen who has less than that number working for him is not an "employer" within the meaning of the workmen's compensation laws, and, hence, those laws may not be invoked by an injured workman.

Sections 4123.75, 4123.35 and 4123.37, Revised Code, are also cited and relied on as demonstrating that the term, "employer," to whom the workmen's compensation laws apply, embraces only one who has three or more workmen regularly in his employ.

However, we think the appeal statute, Section 4123.519, Revised Code, may not be so narrowly construed. That section gives a claimant the right to appeal a *decision* of the Industrial Commission, or a decision of a regional board where the commission has rejected an appeal, to the Court of Common Pleas of the county in which the injury occurred.

Claimant herein was originally excluded from asserting any rights under the workmen's compensation laws for the stated reason that Lykins who employed him was not covered by those laws. Now, the administrator seeks to deprive claimant of any court review of such exclusion. Adoption of the administrator's position would leave claimant without remedy, and we are confident such was not the intention of the General Assembly.

There was a *decision* by the administrative agency against

96

the claimant which denied him resort to the workmen's compensation laws. Construing the appeal statute broadly and giving the claimant the benefit of any doubt which may exist, we think the appeal lay, that the Court of Common Pleas erred in dismissing it, and that the Court of Appeals was correct in reversing that judgment and in remanding the case for further proceedings.

In the trial in the Court of Common Pleas before the judge, or the judge and a jury, the first issue for determination would be whether the one engaging the services of claimant had three or more employees regularly in his employ. If that issue were resolved against the claimant, he would be defeated. If it were decided favorably to him, the further issue for determination would be whether he was entitled to participate in the State Insurance Fund by reason of having sustained an injury in the course of and arising out of his employment. If both issues were decided for claimant, the matter would then be returned to the Industrial Commission to determine the extent of disability and the amount of compensation to which claimant might be entitled.

Appellant contends that language in the opinion in *State, ex rel. Federated Department Stores, Inc.,* v. *Brown,* 165 Ohio St. 521, 525, compels the conclusion that appellee here had no right to appeal to the Common Pleas Court. The following language from *Butler* v. *Pittsburgh Plate Glass Co.,* 171 Ohio St. 19, 21, demonstrates the very narrow ground of the decision in the *Brown* case:

"It was said by Stewart, J., in the opinion that 'it is impossible to conceive, in the present case, upon what theory the board undertook to dismiss the appeal' unless it was because the board 'erroneously concluded that it does not have authority to hear an appeal as to the extent of disability.'

"Since, under Section 4123.519, Revised Code, no appeal may be taken to the Court of Common Pleas from an order of the commission as to the extent of disability, it was held in the *Brown* case that there was no adequate remedy at law and that, therefore, the relator in that case was entitled to a writ of procedendo commanding the Board of Review to hear an appeal which it was obligated by statute to hear."

In the instant case, the decision appealed from is not one "as to the extent of disability."

We find no error in the judgment of the Court of Appeals, and such judgment is affirmed.

*Judgment affirmed.*

Taft, C. J., Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.