GIVENS, APPELLANT, *v.* GARLANDO, D.B.A. RANCH MARKET, ET AL., APPELLEES.

(No. 12075—Decided December 26, 1985.)

*Sheldon E. Baskin,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Michael Kristoff, Sr.,* for appellees.

GEORGE, P.J. This is a workers' compensation case brought pursuant to R.C. 4123.519 by plaintiff-appellant Eleanor Givens.

On April 11, 1984, Mrs. Givens filed a notice of appeal in the trial court from a decision and order of the Canton Regional Board of Review disallowing her workers' compensation claim. This notice of appeal was timely filed and served on defendants-appellees, Phillip Garlando, Jr., d.b.a. Ranch Market, James L. Mayfield, Administrator of the Bureau of Workers' Compensation, and the Industrial Commission of Ohio. No further pleadings were filed.

On November 19, 1984, the state filed a motion to dismiss. On January 29, 1985, the trial court granted the motion and dismissed the appeal with prejudice. This court affirms the dismissal.

### Assignments of Error

"I. The trial court erred in granting defendant-appellee's motion to dismiss and dismissing plaintiff-appellant's complaint without giving prior notice of such action.

"II. The trial court erred in terminating plaintiff-appellant's claim by ordering her complaint dismissed when none had been filed."

R.C. 4123.519 requires a notice of appeal from an adverse board decision to be filed within sixty days and states that "[s]uch filings shall be the only act required to perfect the appeal and vest jurisdiction in the court." The statute further provides:

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. * * *"

While the language here appears to be mandatory, the Supreme Court has held that a claimant's failure to timely file this petition or complaint is not jurisdictional. *Singer Sewing Machine* v. *Puckett* (1964), 176 Ohio St. 32 [26 O.O.2d 303]. It is within the discretion of the court to permit the claimant to file his complaint after the thirty-day period. *Singer Sewing Machine, supra; Thompson* v. *Reibel* (1964), 176 Ohio St. 258 [27 O.O.2d 159].

A claimant may not, however, completely ignore this statutory responsibility. In a case involving a fact pattern similar to the instant case, where the claimant had not timely filed the complaint, the Supreme Court noted that the trial court could allow such filing late, but added:

"The law does not * * * permit a claimant to disregard with impunity his statutory obligation to timely prosecute his R.C. 4123.519 claim. Were this court to hold that a claimant may file an untimely complaint in an R.C. 4123.519 appeal without first obtaining leave of court, the 30-day statutory time limit would be rendered meaningless. Having failed to comply with the statute, it becomes the claimant's burden to show

that his failure is due to excusable neglect or other good cause. * * *" *Zuljevic* v. *Midland-Ross* (1980), 62 Ohio St. 2d 116, 119-120 [16 O.O.3d 140].

Mrs. Givens did not file a complaint in the instant case. The state filed a motion to dismiss based on R.C. 4123.519 nearly eight months after the notice of appeal was filed. While, as noted in the discussion above, the simple failure to timely file the complaint is not jurisdictional and the trial court may in the exercise of its discretion allow the complaint to be filed late, the fact that there was no action at all by the claimant here in nearly eight months is another matter. This inaction certainly could be construed as a failure to prosecute.

Civ. R. 41(B)(1) provides:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

The court in *Zuljevic* ruled that Civ. R. 41(B)(1) was a proper basis for dismissal of a workers' compensation appeal, so long as the claimant was given notice and an opportunity to show cause why the proceedings should not be dismissed. *Zuljevic, supra,* at 120. See, also, *Terrell* v. *Administrator, Bureau of Workers' Compensation* (May 1, 1985), Summit App. No. 11916, unreported.

The question then becomes: Did claimant here have the requisite notice and opportunity to show cause why the proceedings should not be dismissed? The record reveals that claimant's counsel was served with a copy of the state's motion to dismiss. Such motion should certainly have alerted claimant's counsel to the distinct possibility of dismissal. The trial court did not act on the motion for more than five weeks. There was ample time for counsel to respond and to seek leave to file the complaint instanter.

The power to dismiss for lack of prosecution pursuant to Civ. R. 41(B) is within the sound discretion of the trial court. *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89. Clearly, here there was no abuse of discretion where claimant's counsel had notice of imminent dismissal and ample opportunity to show cause why the appeal should not be dismissed.

Neither assignment of error then is well-taken. The court's order of dismissal is affirmed.

*Judgment affirmed.*

BAIRD and LYNCH, JJ., concur.

LYNCH, J., retired, of the Seventh Appellate District, sitting by assignment in the Ninth Appellate District.