**WHITEHURST, Appellant,**

v.

**PERRY TOWNSHIP et al., Appellees.**

[Cite as *Whitehurst v. Perry Twp.* (1996), 114 Ohio App.3d 729.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE09-1180.

Decided March 29, 1996.

*Mary Jo Cusack,* for appellant.

*Scott, Scriven & Wahoff, William J. Wahoff* and *Richard Goldberg; Loveland & Brosius* and *William Loveland,* for appellee Perry Township.

*Betty D. Montgomery,* Attorney General, and *Gerald Waterman,* Assistant Attorney General, for appellees Bureau of Workers' Compensation and Industrial Commission of Ohio.

---

PETREE, Presiding Judge.

This matter is before this court upon the appeal of Richard K. Whitehurst, appellant, from the August 17, 1995 *nunc pro tunc* judgment entry of the Franklin County Court of Common Pleas which ordered appellant's motion for leave to file a motion to dismiss stricken, denied appellant's motion to dismiss and granted the motion for judgment filed by appellee, Perry Township. Appellant sets forth the following five assignments of error on appeal:

"[I.] The court erred in effectively dismissing this case by granting employer's motion for judgment in its favor without notice by the court to claimant that

he would be deprived of presently existing rights unless he took certain actions which the court had not ordered him to take.

"[II.] The court erred in striking claimant's motion for leave to file motion to dismiss and/or complaint as moot.

"[III.] The court erred in denying claimant's motion to dismiss employer's appeal and in failing to find that Section 4123.512, O.R.C., is unconstitutional to the extent that it places the burden of going forward on the claimant when the employer has filed the appeal, thereby depriving the claimant of equal protection and due process of law pursuant to Amendment XIV of the United States Constitution and Article I, Section 16, of the Ohio Constitution.

"[IV.] The court erred in approving an entry to which claimant's counsel had not been given the three days to approve the entry as provided by Rule 25.01, Franklin County Court of Common Pleas Rules.

"[V.] The court erred in assessing court costs against claimant."

Appellant filed a workers' compensation claim with the Ohio Bureau of Workers' Compensation alleging that he had suffered an injury while working for his employer, Perry Township. On November 2, 1994, the claim was allowed for the condition of "deQuervain's tenosynovitis." The Industrial Commission refused to permit Perry Township an additional appeal by its order mailed February 7, 1995 and Perry Township filed an appeal in the Franklin County Court of Common Pleas on April 10, 1995, pursuant to R.C. 4123.512. The clerk of court served notice of Perry Township's appeal upon appellant by certified mail on April 14, 1995.

R.C. 4123.512(D) provides that the claimant, appellant herein, shall file a petition containing a statement of facts showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the trial court over the action within thirty days after the filing of the notice of appeal. This applies whether it is the claimant or the employer who has filed the notice of appeal. Appellant failed to do so.

On June 7, 1995, appellant filed a motion for leave to plead and to extend the time for filing, as well as a motion to dismiss the appeal of Perry Township. Appellant attached a motion to dismiss and included a memorandum in support of that motion; however, appellant failed to make any mention of filing a complaint and failed to provide the court with any reasons for appellant's failure to file the petition required by R.C. 4123.512.

Thereafter, Perry Township filed a memorandum contra and a motion for judgment. Appellant filed a memorandum contra opposing the motion for judgment and Perry Township filed a reply. Thereafter, on July 20, 1995, appellant filed a supplemental memorandum, wherein appellant explained why his

motion to dismiss was timely filed. However, appellant again failed to provide any explanation for why he had failed to file the petition required by R.C. 4123.512. The trial court issued its decision on August 7, 1995, and, on August 10, 1995, Perry Township submitted a proposed judgment entry pursuant to the trial court's instructions. On August 16, 1995, the trial court filed a judgment entry adopting its August 7, 1995 decision, and, on August 17, 1995, the trial court issued a judgment entry *nunc pro tunc.* Thereafter, appellant filed a notice of appeal with this court.

R.C. 4123.512 requires that a notice of appeal from an adverse board decision to be filed within sixty days and states that "the filing of the notice of the appeal with the court is the only act required to perfect the appeal." The statute further provides as follows:

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. * * * *"

Although the above language appears to place a mandatory duty on a claimant to file the petition within thirty days, the Supreme Court of Ohio has held that a claimant's failure to timely file his petition or complaint is not jurisdictional and it is within the discretion of the trial court to permit the claimant to file his complaint after the thirty-day period. *Singer Sewing Machine Co. v. Puckett* (1964), 176 Ohio St. 32, 26 O.O.2d 303, 197 N.E.2d 353. However, a claimant may not completely ignore this statutory responsibility. In *Zuljevic v. Midland–Ross Corp.* (1980), 62 Ohio St.2d 116, 16 O.O.3d 140, 403 N.E.2d 986, the Supreme Court of Ohio stated as follows:

"The law does not, however, permit a claimant to disregard with impunity his statutory obligation to timely prosecute his R.C. 4123.519 claim. Were this court to hold that a claimant may file an untimely complaint in a R.C. 4123.519 appeal without first obtaining leave of court, the 30–day statutory time limit would be rendered meaningless. Having failed to comply with the statute, it becomes the claimant's burden to show that his failure is due to excusable neglect or other good cause. * * * *" *Id.* at 119–120, 16 O.O.3d at 142, 403 N.E.2d at 988.

In the present case, appellant did not file a petition and did not file a complaint. Although appellant did file a motion for leave to file a complaint along with his motion to dismiss, appellant failed to attach a copy of the complaint and has continually failed to provide any explanation for this failure. The law in the present case is clear. As the claimant in the workers' compensation matter, appellant was required to file the petition pursuant to R.C. 4123.512. Although appellant failed to do so within the thirty-day time period, in asking for leave to

file such a petition, it was incumbent upon appellant to show that his failure to file the petition was due to excusable neglect or to some other good cause. *Zuljevic, supra.* Appellant failed to make any explanation as to why he failed to file his petition in a timely manner. Appellant maintains that he was "aggressively litigating his claim—not ignoring it—and was awaiting the Court's ruling on his Motion for Leave to File as well as his Motion to Dismiss." However, appellant failed to do the one thing that was required of him once his petition was late: appellant failed to allege that his failure to file the petition was due to excusable neglect or other good cause. Having failed to give the trial court any reason to grant him leave of court to file the petition, the trial court was left with only one option and that was to grant the motion for judgment filed by Perry Township.

In the first assignment of error, appellant argues that the trial court erred in granting the motion for judgment of Perry Township without giving appellant notice that he would be deprived of presently existing rights unless he took certain action. The court in *Zuljevic* ruled that Civ.R. 41(B)(1) was a proper basis for the dismissal of a workers' compensation appeal, so long as the claimant was given notice and an opportunity to show cause why the proceeding should not be dismissed. *Zuljevic, supra,* at 120, 16 O.O.3d at 142–143, 403 N.E.2d at 988–989. Perry Township filed its motion for judgment and appellant filed a memorandum contra and a supplemental memorandum opposing that motion. Clearly, appellant should have been alerted to the possibility that judgment might be rendered in favor of Perry Township.

■ The trial court's entry states that judgment was entered in favor of Perry Township because appellant did not make any showing of excusable neglect or other good cause to justify his failure to file a complaint pursuant to R.C. 4123.512 within thirty days from the date the notice of appeal was filed. In searching the record, it is apparent that appellant failed to do so. Because appellant had notice of the pending motion and took the opportunity to respond to the motion for judgment, the trial court did not abuse its discretion in granting the motion for judgment filed by Perry Township. Appellant's first assignment of error is not well taken and is overruled.

■ In the second assignment of error, appellant argues that the trial court erred in striking his motion for leave to file a motion to dismiss and/or a complaint. As this court stated previously, appellant never filed a complaint with his motion for leave of court and failed to make the requisite showing of excusable neglect or any other good cause to justify his failure to file the complaint pursuant to R.C. 4123.512. Pursuant to the case law from the Supreme Court of Ohio, appellant was required to establish excusable neglect or other good cause before the trial court would be in a position to grant leave of

court for the appellant to do so. Appellant failed in this regard. Appellant's second assignment of error is not well taken and is overruled. .

In his third assignment of error, appellant argues that the trial court erred in denying his motion to dismiss and in failing to find that R.C. 4123.512 is unconstitutional. Appellant argues that R.C. 4123.512 places the burden of going forward with the evidence on the claimant when the employer is a party who has filed the appeal. Appellant argues that it is not due process of law to require a claimant to establish the employer's right to be in court when the claimant does not want to be there and that it is not equal protection to impose a burden on claimants and not on employers.

■ As to appellant's first argument, that it is not due process of law to require the claimant to establish the employer's right to be in court, this court notes that appellant's argument fails. Jurisdiction is vested in the trial court when the employer files the notice of appeal. The claimant's petition has nothing to do with jurisdiction at all. Whether the claimant, appellant herein, files the petition as required by R.C. 4123.512 or fails to do so, the trial court clearly has jurisdiction over the matter. Therefore, appellant's due process argument fails.

■ Turning to appellant's equal protection argument, because the state's different treatment of claimants in workers' compensation cases affects no fundamental right or suspect class, this court applies only minimal, "rational basis" scrutiny in determining the validity of R.C. 4123.512 under the Equal Protection Clause. *New Orleans v. Dukes* (1976), 427 U.S. 297, 303, 96 S.Ct. 2513, 2516–2517, 49 L.Ed.2d 511, 517, sets forth the rational–basis test as follows:

" * * * Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest. * * * "

The presumption of constitutionality can be overcome only by "a clear showing of arbitrariness and irrationality." *Hodel v. Indiana* (1981), 452 U.S. 314, 332, 101 S.Ct. 2376, 2387, 69 L.Ed.2d 40, 55. The test under Ohio's Constitution is essentially identical. *Kinney v. Kaiser Aluminum & Chem. Corp.* (1975), 41 Ohio St.2d 120, 123, 70 O.O.2d 206, 207–208, 322 N.E.2d 880, 882–883.

■ Originally, the statutory right to appeal an order of the Industrial Commission to a trial court was given only to claimants for certain grounds specifically enumerated in the statute. Pursuant to a 1955 amendment, the right to appeal was granted to either the claimant or the employer and provided that further proceedings would be had in accordance with the Rules of Civil Procedure. In 1957, the statute was again amended to require that the appellant file a

petition setting forth the basis for jurisdiction of the court. The statute, as currently in effect, provides that the appellant file a notice of appeal setting forth the jurisdiction of the court and that the claimant, whether the claimant is the appellant or not, file a petition containing the statement of facts showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court.

The appeal authorized by R.C. 4123.512 is in the nature of a new trial in the common pleas court at which the court determines the right of the claimant to participate or to continue to participate in Workers' Compensation Fund. *State ex rel. Federated Dept. Stores, Inc. v. Brown* (1956), 165 Ohio St. 521, 60 O.O. 486, 138 N.E.2d 248. See, also, *Crabtree v. Young* (1965), 1 Ohio St.2d 93, 30 O.O.2d 335, 204 N.E.2d 685. In *Singer Sewing Machine Co., supra*, the court stated at 37, 26 O.O.2d at 305–306, 197 N.E.2d at 356–357, that the purpose of the required petition is to give orderliness to the appellate proceedings. Appellant argues that claimants are precluded from filing motions from judgment on the pleadings, directed verdict or summary judgment. However, that simply is not the case. Once the petition is filed, further proceedings are had in accordance with the Rules of Civil Procedure. A claimant is not precluded from filing motions for judgment on the pleadings or directed verdict or summary judgment. Therefore, this argument fails.

Although it is true that the claimant must reestablish his right to participate in the fund and the proceeding had in the common pleas court are *de novo*, that does not, in and of itself, indicate that the statute is unconstitutional. The presumption of constitutionality can be overcome only by a clear showing of arbitrariness and irrationality. Appellant has failed to make this showing. Appellant's third assignment of error is not well taken and is overruled.

In the fourth assignment of error, appellant argues that the trial court erred in approving the entry where claimant's counsel had not been given three days to approve the entry as provided by the local rules. Loc.R. 25.01 of the Franklin County Common Pleas Court provides, in pertinent part, as follows:

"Unless the Trial Judge otherwise directs, counsel for the party in whose favor a decision, order, decree, or judgment is rendered, shall within five days thereafter prepare the proper journal entry and submit it to the counsel for the adverse party, who shall approve or reject the entry within three days after receipt. * * * "

As the words above indicate, the trial court has some discretion in this matter and appellant has not established that the trial court abused its discretion by approving the submitted journal entry as it did. Appellant's fourth assignment of error is not well taken and is overruled.

In the fifth assignment of error, appellant argues that the trial court erred in assessing court costs against him. Civ.R. 54(D) authorizes a trial court to assess court cost against the adverse party in a judgment entry after a decision has been issued finding against that adverse party. The trial court found, in its entry, that appellant had failed to come forward with any assertion of excusable neglect or other just cause for his failure to file his petition within thirty days as required by R.C. 4123.512. Perry Township was entitled to judgment as hereinbefore explained and judgment was so rendered. Clearly, Perry Township was the prevailing party and the court did not abuse its discretion by ordering appellant to pay costs. Appellant's fifth assignment of error is not well taken and is overruled.

Based on the foregoing, appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

BOWMAN, J., concurs.

DESHLER, J., concurs in part and dissents in part.

DESHLER, Judge, concurring in part and dissenting in part.

Being unable to agree with the majority insofar as affirming the trial court's dismissal of the case, I respectfully dissent.

While it is clear that appellant was under a statutory duty to file a petition within thirty days of the filing of the notice of appeal, the commands of the statute, R.C. 4123.512, are not without exception. Appellant did not, as stated by the majority, demonstrate excusable neglect insofar as the failure to timely file the petition. However, appellant did file a motion for leave to file a complaint and this motion was pending at the time of dismissal of appellant's case.

Appellant, as was his right, challenged the constitutionality of the procedural aspects of R.C. 4123.512, the statute governing the proceedings in the trial court. I agree with the majority that appellant's motion on the issue of constitutionality was not meritorious and I would affirm the trial court in this respect. However, the failure of the trial court to address the appellant's motion for leave to file a complaint and rendering it "moot" for failure to show excusable neglect, when a constitutional challenge was before the court, was in my view error. Under such circumstances, the resultant dismissal, barring appellant from litigating the merits of the case, resulted in prejudicial error. In view of appellant's pending motion with respect to the constitutionality issue and the pending motion for leave to file, the dilatory aspects of appellant's untimely response to the mandates of the statute were not in my view drastic enough to warrant dismissal. The trial

court's concurrent ruling on a constitutional challenge, overlooking a motion for leave to plead further and sustaining a motion to dismiss the case, does not in my view comport with the spirit of the Civil Rules and the long–held view that matters before the court should be considered on their merits as opposed to dismissal arising from technical deficiencies. I would therefore reverse the trial court's dismissal of the case, but affirm the trial court's decision that R.C. 4123.512 is constitutional.