OPINION
Appellant was injured in 1994 when she was hit by a vehicle while working as a flagperson in a construction zone. She received workers' compensation benefits for her physical injuries through appellee, her employer.
On February 7, 1996, appellant applied for benefits for an additional condition of major depression. Her claim was allowed on May 9, 1997. Appellee unsuccessfully appealed the decision through two levels of the Industrial Commission.
On August 27, 1997, appellee filed its notice of appeal in the Lucas County Court of Common Pleas. Appellee sent a courtesy copy of the notice of appeal to appellant's attorney by regular mail the same day. Appellee requested that the court serve appellant by certified mail. Plaintiff was served on August 29, 1997.
On October 21, 1997, appellee filed a motion for judgment, contending that appellant had not filed its petition within thirty days of the filing of the notice of appeal, as required by R.C. 4123.512.[1] Appellant mailed a copy of a petition, titled "Claimant's Statement of Facts Pursuant to O.R.C.4123.512 Requesting Right to Participate in Workers' Compensation Fund", on October 31, 1997. Appellant did not file the petition with the court until December 6, 1997, which was three days after the trial court scheduled a show cause hearing for December 18, 1997. At the December 18 show cause hearing, appellant indicated that because she was depressed, she did not open her mail containing the notice of appeal.
The trial court found that appellant had ignored her statutory responsibility and had not demonstrated good cause or excusable neglect for not filing the petition timely or for not seeking leave of court to file the complaint late. The trial court granted appellee's motion for judgment on January 2, 1998.
Appellant contends in her sole assignment of error that the trial court erred by granting appellant's "motion for dismissal". Appellant asserts that workers' compensation laws should be liberally construed in an employee's favor, and timeliness is not critical where a petition is not jurisdictional. Appellant also argues that a trial court has discretion to allow a petition to be filed after the thirty-day period has elapsed, and a trial court must find good cause for dismissal.
An appellate court reviews a trial court's decision on a motion for judgment or dismissal in a case under R.C. 4123.512
under an abuse of discretion standard. Whitehurst v. Perry Twp.
(1996), 114 Ohio App.3d 729, 734; Kohn v. Toledo Edison Co. (Dec. 6, 1996), Lucas App. No. L-96-077, unreported. An abuse of discretion requires more than an error of law or judgment and connotes that a trial court's attitude in reaching its decision was arbitrary, unreasonable, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
R.C. 4123.512(A) and (D), concerning appeals to courts of common pleas, provide in relevant part:
 "(A) The claimant or the employer may appeal an order of the industrial commission * * * to the court of common pleas of the county in which the injury was inflicted * * *
"* * *
 "(D) Upon receipt of notice of appeal the clerk of courts shall provide notice to all parties who are appellees and to the commission.
"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction over of the court over the action. * * * The court, or the jury under the instructions of the court, if a jury is demanded shall determine the right of the claimant to participate or to continue to participate in the fund upon the evidence adduced at the hearing of the action."
"[I]n an employer-initiated R.C. 4123.512 appeal, it is the claimant, not the employer who presents a claim for relief."Robinson v. B.O.C. Group (1998), 81 Ohio St.3d 361, 367. Regardless of who files the notice of appeal, the claimant must file a petition which pleads all the jurisdictional facts. Id. at 366 (citation omitted). To refute an employer's appeal of an unfavorable administrative decision to a court of common pleas, the claimant must reestablish and substantiate his workers' compensation claim even though the claimant previously satisfied that burden at the administrative level. Id. (citations omitted).
Appellant urges that filing a notice of appeal is the only act needed to perfect an appeal. The Ohio Supreme Court has determined that a claimant's petition is not a jurisdictional prerequisite, but is required to give orderliness to the appellate proceeding when an employer appeals an unfavorable decision.Singer Sewing Machine Co. v. Puckett (1964), 176 Ohio St. 32,36-37. As a result, the court in Singer emphasized that a trial court cannot summarily grant a motion for judgment on the pleadings where the claimant does not file a petition timely. Id.
at 37.
Nevertheless, a claimant cannot disregard with impunity the statutory obligation to timely prosecute a R.C. 4123.512
appeal. Zuljevic v. Midland-Ross Corp. (1980), 62 Ohio St.2d 116,119. The time limit in the statute would be meaningless if a claimant files an untimely complaint without first obtaining leave of court. Id. at 119-120. While the failure to timely file a petition is not jurisdictional, the trial court may, in the exercise of its discretion, allow the complaint to be filed late.Givens v. Garlando (1985), 27 Ohio App.3d 287, 289. Where a claimant does not file a petition timely, a trial court must give the claimant notice and an opportunity to show cause why the proceedings should not be dismissed and judgment entered against him. Zuljevic, 62 Ohio St.2d at 120. If a claimant seeks leave of court to file an untimely petition, the claimant must establish excusable neglect or other good cause. Whitehurst,114 Ohio App. 3d at 734.
Here, the trial court did not summarily dismiss the appeal. Instead, it conducted a show cause hearing to provide appellant with an opportunity to show excusable neglect or good cause. No transcript of the hearing has been made part of the record on appeal. Both parties agree, however, that plaintiff testified that because of her depression, she found it difficult to concentrate and was not opening her mail at the time the notice of appeal was served. Further, additional proceedings concerning her claim were conducted before the Industrial Commission shortly after the notice of appeal was filed.
The Supreme Court of Ohio has stated:
 "The term `excusable neglect' is an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined `excusable neglect' in the negative and have stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard of the judicial system.'" Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20.
After thoroughly reviewing the record provided, and construing the law in appellant's favor, we conclude that the trial court did not abuse its discretion by rendering judgment in favor of appellee. Although the Industrial Commission allowed benefits for appellant's additional depression claim, which survived two levels of administrative review, it was appellant's responsibility to reestablish her claim in the common pleas court. While appellant may have been depressed and unable to reestablish the claim, her attorney had received a copy of the notice of appeal directly from appellee. Appellant's depression did not impede her or her attorney's ability to pursue her claims in proceedings before the Industrial Commission during the same time period. Even after the thirty days had passed and appellee filed its motion for judgment, approximately another month and a half elapsed before appellant filed a document purporting to be a petition with the trial court, and that was done without first seeking leave of court.
Finally, in light of the decisions of the Ohio Supreme Court in Singer Sewing Machine, supra, and Zuljevic, supra, we disagree with appellant's argument that appellee was required to demonstrate good cause before the court could grant judgment in appellee's favor. Appellant's argument was based on a decision from another district. See Smoliga v. Keller (1965), 3 Ohio App.2d 250,256.
Considering all the circumstances, we can find no abuse of discretion in the trial court's determination that appellant had not demonstrated good cause or excusable neglect to explain why appellant, who was represented by counsel, had disregarded the obligation to timely file a petition thirty days after appellee filed its notice of appeal.
Appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 James R. Sherck, J.
CONCUR.
[1] R.C. 4123.512 replaced R.C. 4123.519 effective October 20, 1993.