OPINION
George and Zagorka Sain, plaintiffs-appellants, appeal a judgment of the Franklin County Court of Common Pleas granting a motion for sanctions filed by K.Z. Roo, defendant-appellee.
On November 10, 1981, appellants entered into a land installment contract with Earl and Willa Kingcannon for the sale of a residence. After less than a year, the Kingcannons defaulted and assigned the contract to Lotus Properties ("Lotus"). On April 1, 1984, appellee entered into a one-year lease with an agent for Lotus. During the term of the one-year lease, appellants filed a forcible entry and detainer action against the Kingcannons, Lotus, and the agent for Lotus in the Franklin County Municipal Court. On September 19, 1984, the municipal court granted judgment to appellants for restitution. On October 23, 1984, appellants then filed a forcible entry and detainer complaint against appellee in the Franklin County Municipal Court, seeking to have appellee removed and to collect unpaid rent from appellee ("1984 action"). Appellee filed counterclaims against appellants and a third-party complaint against the agent for Lotus, and the case was transferred to the Franklin County Court of Common Pleas for jurisdictional reasons. On March 8, 1985, appellants filed an amended complaint, seeking damages from appellee beyond wear and tear to the rental property, unpaid rent, attorney fees, punitive damages, and court costs. On March 8, 1988, appellants were rendered judgment in the amount of $188.03 against Lotus and its agents. The matter was dismissed with prejudice as to all other claims and defendants. No appeal was filed to that judgment.
On December 14, 1998, appellants filed a complaint against appellee for unpaid rent, damages beyond normal wear and tear, and damages for mental anguish and suffering relating to the same events underlying the 1984 action ("1998 action"). On September 20, 1999, appellants filed a motion for leave of court to amend the complaint to allege fraud. On September 29, 1999, appellee filed a motion for sanctions against appellants based upon Civ.R. 11 and R.C. 2323.51, alleging that appellants' complaint was not warranted under existing law and could not be supported by a good faith argument for an extension, modification, or reversal of existing law. On November 24, 1999, the trial court granted appellee's motion for summary judgment, finding that appellants' claims against appellee were barred by the doctrine of res judicata because such claims were previously adjudicated in the 1984 action. On January 4, 2000, appellee filed a memorandum requesting the trial court continue its post- judgment jurisdiction to rule on his previously filed motion for sanctions. We affirmed the trial court's decision in Sain v. Roo (Nov. 28, 2000), Franklin App. No. 99AP-1459, unreported ("Sain I"), and found the trial court had also implicitly overruled appellants' motion to amend their complaint for fraud.
The motion for sanctions was referred to a magistrate, and a hearing on the matter was eventually held on December 29, 2000. On January 5, 2001, the magistrate issued a decision finding that appellants had engaged in frivolous conduct pursuant to R.C. 2323.51 because there was no objective basis for believing that the matter was not barred by res judicata. However, the magistrate denied sanctions pursuant to Civ.R. 11 because the evidence did not show appellants willfully violated Civ.R. 11. The magistrate awarded appellees $13,984.91 in attorney fees. Appellants filed objections to the magistrate's decision. On February 23, 2001, the trial court overruled appellants' objections and adopted the magistrate's decision. Appellants appeal the trial court's judgment, asserting the following ten assignments of error:
 ERROR No. 1 Contention: The judgment is contrary to the law when it grants Defendant's motion for sanctions alleging frivolous conduct based on res judicata when Defendant fails to establish a prima facie case during the sanctions hearing.
 ERROR No. 2 Contention: The judgment is unsupported by the evidence and contrary to the manifest weight of evidence when Defendant fails to offer any evidence that Plaintiffs' conduct is frivolous and Plaintiffs offer undisputed evidence to the contrary.
 ERROR No. 3 Contention: The trial court errs in imposing the frivolous conduct sanctions based on its decision when that decision fails to resolve the motion for leave to amend the complaint for fraud that was before the court and the reviewing court lacks jurisdiction to affirm such the judgment that is not final under R.C. 2505.02.
 ERROR No. 4 Contention: When Defendant obtains the summary judgment based on the false representations, then Defendant's Attorney interferes with the cross-examination and both Attorney and Defendant falsely assert that he does not read English in order to evade the questions, the false assertions constitute the fraud on the court and the misconduct that require a reversal of the judgment.
 ERROR No. 5 Contention: The Sains are denied due process of law when they are not permitted to assert their fraud claim and not given a fair opportunity to fully cross-examine Roo in a meaningful way before they are sanctioned.
 ERROR No. 6 Contention: The Sains are denied equal protection of law when they and their attorney are sanctioned for the conduct for which other parties and their attorneys are not sanctioned under the similar facts, such as use of res judicata to inflict the injustice and sanction the Sains.
 ERROR No. 7 Contention: The trial court lacks power to reassert the subject matter jurisdiction and to impose sanctions under R.C. 2323.51 based on the defendant's motion, which was filed more than twenty-one days after the final judgment was entered.
 ERROR No. 8 Contention: The Trial Court fully adopts the Magistrate's Decision, which imposes the sanctions against George R. Sain, but not against Zagorka Sain. Defendant's Counsel prepared the Judgment Entry and arbitrarily included Zagorka Sain but failed to present the proposed Entry to Plaintiffs' Counsel for approval as mandated by the Local Rule 25. The Trial Court commits a reversible error in signing and filing the self- contradictory Judgment Entry, which arbitrarily imposes sanctions against Zagorka Sain.
 ERROR No. 9 Contention: The amount of $13,984.91 in the attorney fees, costs and expenses for the job that could have been done in the trial of about one-to-two-hours or less is unreasonable by any sound objective standard. The Trial Court overreached its power.
 ERROR No. 10 Contention: A trial court abuses discretion by imposing the frivolous conduct sanctions under R.C. 2323.51 when the moving party fails to establish a prima facie case and the court adopts the magistrate's decision, overrules the objections and implicitly overrules the motion for rejecting the magistrate's decision or in alternative holding hearing with the language translator present without conducting an independent review.
We shall address appellants' first and second assignments of error together because they both argue, in essence, that the trial court erred in granting appellee's motion for sanctions. Appellants argue in their first assignment of error that the judgment was contrary to law because appellee failed to establish a prima facie case during the sanctions hearing. Appellants argue in their second assignment of error that the judgment was unsupported by the evidence and contrary to the manifest weight of the evidence because appellee failed to offer any evidence that their conduct was frivolous and they offered undisputed evidence to the contrary.
R.C. 2323.51 provides that a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. "Frivolous conduct," as defined in R.C. 2323.51(A)(2)(a)(ii), includes conduct that is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. As we found in Wiltberger v. Davis (1996), 110 Ohio App.3d 46, no single standard of review applies in R.C. 2323.51 cases, and the inquiry necessarily must be one of mixed questions of law and fact. A determination that conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law requires a legal analysis. Lable Co. v. Flowers (1995), 104 Ohio App.3d 227, 233. With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. Wiltberger, supra, at 51-52. Where a trial court has found the existence of frivolous conduct, the decision to assess or not to assess a penalty lies within the sound discretion of the trial court. Id. at 52. Further, R.C. 2323.51 employs an objective standard in determining whether sanctions may be imposed against either counsel or a party for frivolous conduct. Stone v. House of Day Funeral Serv., Inc. (2000), 140 Ohio App.3d 713.
Appellants first assert that during the sanctions hearing, appellee did not demonstrate that appellants' claims were ever previously litigated and resolved. We disagree. At the hearing before the magistrate, appellee testified on direct examination that he had been sued by appellants twice. Appellee also presented numerous exhibits, including: (1) appellants' October 23, 1984 complaint alleging appellee was unlawfully holding over his term and requesting past-due rent; (2) appellants' March 8, 1985 amended complaint requesting damages from appellee for wear and tear to the property, unpaid rent, attorney fees, and costs; (3) the December 8, 1987 and March 8, 1988 judgment entries, granting judgment against several defendants, which did not include appellee, and indicating that all other claims against all other defendants were dismissed with prejudice; (4) the December 14, 1998 complaint, alleging claims against appellee for unpaid rent and damages beyond normal wear and tear for the same property and same period alleged in the 1984 action; (5) the trial court's November 24, 1999 judgment finding that appellants' action was barred by res judicata because their 1998 complaint contained the same allegations that were dismissed in their 1984 action; and (6) this court's decision in Sain I. Thus, contrary to appellants' claim, appellee submitted substantial evidence at the sanctions hearing before the magistrate to demonstrate appellants' claims were previously litigated and resolved.
Appellants also assert the magistrate's decision was based solely on the fact that appellee prevailed in the underlying action based upon res judicata. The magistrate's decision was not grounded merely upon the existence of res judicata, but additionally upon the extreme obviousness of the applicability of the doctrine. As the magistrate explained, the basis for the sanctions was that the 1998 action was very "clearly" barred by res judicata. The magistrate further explained that there was simply "no objective basis" for believing that the 1998 action was not barred by such a "fundamental" and "basic" doctrine. The magistrate's decision is in accord with our recent decision in Streb v. AMF Bowling Centers, Inc. (May 4, 2000), Franklin App. No. 99AP-633, unreported, in which this court found that refiling a claim that was or could have been brought in a previous action despite the long-standing doctrine of res judicata meets the definition of "frivolous conduct" in R.C.2323.51(A)(2)(a)(ii). Likewise, in the present case, we find that the filing of appellants' 1998 action was so clearly barred by res judicata that appellants had no objective basis to believe it was not so barred.
Appellants next assert that appellee's testimony was not credible because he identified several contracts and pleadings at the hearing and then later testified that he could not read English. However, the credibility of witnesses and the weight to be given their testimony is within the providence of the jury. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. It would be difficult for this court to weigh the credibility of appellee on this point given only a written transcript to examine and the brevity of appellee's testimony. The magistrate was apparently persuaded by appellee, and we are unable to find that the magistrate's determination was in error. This argument is without merit.
The remainder of appellants' arguments in this assignment of error is dedicated to rearguing whether the trial court and this court correctly determined that res judicata precluded the claims in their 1998 action and whether appellee committed fraud. Throughout appellants' brief and the remaining assignments of error, appellants either ignore or misconstrue the nature of the proceedings before this court in the current case. The matter before this court is to determine only whether the trial court erred in finding that appellants engaged in frivolous conduct, i.e., whether one could have objectively believed that res judicata did not apply to bar appellants' 1998 claims. See, e.g., Hickman v. Murray (Mar. 22, 1996), Montgomery App. No. CA 15030, unreported. We already determined in Sain I that the trial court was correct in granting summary judgment to appellee based on res judicata and further found that appellants' motion to amend their complaint for fraud was implicitly denied. Appellants appealed, and the Ohio Supreme Court declined to hear the appeal in Sain v. Roo (2001), 91 Ohio St.3d 1489. The court also denied appellant's motion for reconsideration in Sain v. Roo (2001),91 Ohio St.3d 1530. Thus, just as res judicata applied to preclude the relitigation of the claims in the 1984 action, res judicata applies here again to prohibit appellants from relitigating our previous determination of res judicata and our finding that their motion to amend based upon fraud was implicitly denied. Those determinations were made in Sain I and may not be contested again in this case. Accordingly, appellants' first and second assignments of error are overruled.
Appellants argue in their third assignment of error that the trial court erred in imposing sanctions based on its previous decision when that decision failed to address the motion for leave to amend the complaint for fraud, and this court lacked jurisdiction to affirm such judgment because it was not a final, appealable order under R.C. 2505.02. Again, res judicata applies to these issues. Appellants have already appealed the trial court's decision granting appellee's summary judgment action, and res judicata precludes appellants from raising that the decision was not a final, appealable order in this appeal. See Rogers v. Whitehall (1986), 25 Ohio St.3d 67; State v. Perry (1967),10 Ohio St.2d 175; Longacre v. Penton Publishing Co. (June 27, 1996), Cuyahoga App. No. 70208, unreported. Likewise, we already decided in Sain I that the trial court implicitly denied appellants' motion to amend their complaint, and res judicata precludes appellants from relitigating that issue in this appeal. Appellants' third assignment of error is overruled.
Appellants argue in their fourth assignment of error that fraud was perpetrated upon the court when appellee obtained summary judgment based on false representations, appellee's attorney interfered with cross-examination, and both appellee and his attorney falsely asserted that appellee did not understand English in order to evade the questions. Once again, with regard to the argument that appellee obtained summary judgment via fraud, we have already disposed of this issue in appellants' underlying appeal, and it is barred by res judicata. Also, with regard to the argument that appellee and his attorney falsely asserted that appellee could not read English, we found above that witness credibility was within the province of the magistrate, and our review fails to establish any untruthfulness on this point.
Appellants also contend that appellee's attorney improperly interfered with cross-examination when Mr. Sain asked appellee to read the lease contract and appellee's attorney interjected that it was her understanding that appellee knew very limited English and could not read the contract. We first point out that appellants failed to object to the comment by appellee's attorney during trial and therefore waived any error associated with it. See Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm. (1993), 91 Ohio App.3d 76, 80. Notwithstanding, we find that appellants were not prejudiced by such comment. Importantly, the magistrate responded properly to the interjection by appellee's attorney stating that if appellee was unable to read the contract, he could have stated that himself. The magistrate went on to explain to appellee that he should only answer questions he understands, and if he cannot understand a question, he should not answer that question. Although appellants also contend these statements by the magistrate were a "cue" to appellee to evade further questions, it is well-settled that a trial court has the inherent power to control the progress of proceedings in its court. State ex rel. Kura v. Sheward (1992), 75 Ohio App.3d 244, 245. Further, pursuant to Evid.R. 611(A), a trial court is required to exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth and avoid needless consumption of time. Our review of the passage in the transcript reveals the magistrate properly advised appellee to answer only questions he understood, and the magistrate's comments did not prejudice appellants. We also note the magistrate later instructed appellee to answer all questions the best he could. Therefore, these arguments are without merit, and appellants' fourth assignment of error is overruled.
Appellants argue in their fifth assignment of error that they were denied due process of law when they were not permitted to assert their fraud claim and the magistrate did not give them a fair opportunity to fully cross-examine appellee in a meaningful way. We disagree. Yet again, with the claim regarding their inability to assert their fraud claim, we have already found that such claim was implicitly overruled by the trial court, and is not relevant to this appeal.
With respect to appellants' cross-examination of appellee during the sanctions hearing, Mr. Sain asked several questions to appellee regarding his attorney's filings in the 1984 action, including the third-party complaint, counterclaim, and answer. Appellee answered several times that he did not remember the filings from the 1984 action. The magistrate told Mr. Sain to move on to the next line of questioning after appellee repeatedly testified that he did not remember the filings. The trial court has the discretion to limit the scope of cross-examination. Berlinger v. Mt. Sinai Medical Ctr. (1990), 68 Ohio App.3d 830, 838. The trial court also retains wide latitude to impose reasonable limits on cross-examination based upon the concerns of harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant. Delaware v. Van Arsdall (1986),475 U.S. 673, 679, 106 S.Ct. 1431, 1435. As such, an appellate court should be slow to disturb a trial court's determination on the scope of cross-examination unless the trial court has abused its discretion and the party illustrates a material prejudice. Reinoehl v. Trinity Universal Ins. Co. (1998), 130 Ohio App.3d 186, 194.
In the present case, our review of the transcript reveals Mr. Sain asked appellee the same questions repeatedly, and appellee repeatedly answered that he did not remember. The magistrate did not abuse his discretion in telling Mr. Sain to move on to the next line of questioning in order to avoid confusion of the issues, harassment of the witness, and repetitive testimony. We also note appellee's counsel stipulated that the pleadings which Mr. Sain inquired about had been filed on appellee's behalf in the 1984 action, thereby preventing any prejudice.
Appellants also argue under this assignment of error that they did not have an opportunity to examine receipts for attorney fees prior to the sanctions hearing and could not meaningfully cross-examine appellee or make objections to specific entries. However, as appellee points out, all of the fee statements and invoices were admitted at the hearing without objection. Appellants also did not object to Humphrey's testimony in support of the fees. Where an appellant's counsel fails to object to the admission of evidence at trial, all but plain error is waived. State v. Jones (2001), 91 Ohio St.3d 335. There was no plain error in the present case. The transcript reveals appellants had ample opportunity to cross-examine regarding the fees and present evidence to the contrary. Also, as appellee points out, copies of the fee bills were attached to his motion for sanctions which specifically requested fees, was filed more than a year before the hearing, and Humphrey was identified as a witness more than ten months before the hearing. Appellants did not request any discovery, interrogatories, or depositions regarding the fees, and cannot now claim they were surprised by the evidence submitted by appellee. This argument is without merit, and appellants' fifth assignment of error is overruled.
Appellants argue in their sixth assignment of error that they were denied equal protection of law when they and their attorney were sanctioned for conduct for which other parties and their attorneys had not been sanctioned. It is well- established that a party cannot raise new issues or legal theories for the first time on appeal. See Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43. Failure to raise the issue of the constitutionality of a statute or its application, which is apparent at the trial court level, constitutes a waiver of such issue. See State v. Awan (1986), 22 Ohio St.3d 120. The issue therefore need not be heard for the first time on appeal. Id. In the present case, nowhere in the record below do we find an equal protection argument based upon this ground. Regardless, most of appellants' argument in this respect continues to address the previously determined issues of res judicata and fraud.
Appellants also assert under this assignment of error that because we found in our previous decision that appellants' motion to amend their complaint alleging fraud was implicitly denied by the trial court's granting of summary judgment, appellee's motion for sanctions should have been likewise implicitly denied. However, because a motion for sanctions is collateral and independent of the primary action, a trial court retains jurisdiction to entertain a motion to impose sanctions under R.C. 2323.51 even after dismissal of the action. Grossman v. Mathless 
Mathless, C.P.A. (1993), 85 Ohio App.3d 525, 528. Thus, clearly it would also survive a motion for summary judgment in the underlying action. Further, the motion to amend and the motion for sanctions are distinguishable. The motion to amend the complaint based upon fraud was necessarily denied by the granting of summary judgment because res judicata would have also encompassed the claim for fraud, which we found in Sain I could have or should have been brought in the 1984 action. To the contrary, the motion for sanctions could not have been addressed until after the motion for summary judgment had been ruled upon. That the motion for sanctions must survive summary judgment is also obvious given that R.C. 2323.51 permits a motion for sanctions to be filed within twenty-one days after a judgment. Therefore, this argument is without merit, and appellants' sixth assignment of error is overruled.
Appellants argue in their seventh assignment of error that the trial court lacked the power to reassert the subject matter jurisdiction and impose sanctions under R.C. 2323.51 because appellee filed his motion on January 4, 2000, more than twenty-one days after final judgment was entered. Appellants did not raise this issue anywhere in the court below or before the magistrate, and may not now raise it for the first time on appeal. See Mason v. Meyers (2000), 140 Ohio App.3d 474, 477 (failure to raise the issue of the twenty-one day limitation contained in R.C. 2323.51
at the trial court level precludes the party from raising the issue for the first time on appeal). Regardless, appellee filed his motion for sanctions on September 29, 1999, and the trial court's judgment was filed on November 23, 1999; only appellee's memorandum requesting the trial court continue its post-judgment jurisdiction was filed on January 4, 2000. Thus, we find appellee's original motion was filed prior to the commencement of the trial or within twenty-one days after the entry of judgment, as required by R.C. 2323.51. Appellants' seventh assignment of error is overruled.
Appellants argue in their eighth assignment of error that the trial court erred when it fully adopted the magistrate's decision, which imposed sanctions against George R. Sain but not against Zagorka Sain, but then included Zagorka Sain in its final judgment, which was prepared by appellee and was not presented to appellants' counsel for approval as mandated by Loc.R. 25. With regard to appellants' argument that the magistrate's decision levied sanctions only against Mr. Sain but not Mrs. Sain, and that the trial court deviated from the magistrate's decision, we disagree. R.C. 2323.51(B)(4) provides that an award of attorney fees "may be made against a party, the parties counsel of record, or both." See, also, Ron Scheiderer Assoc. v. London (1998),81 Ohio St.3d 94, 95. The objective of the statute is to impose sanctions on the person actually responsible for the frivolous conduct. Id. at 97. Moreover, sanctions may be imposed both jointly and severally upon both plaintiff and counsel, if the conduct so warrants. Blackburn v. Lauder (Nov. 12, 1996), Lawrence App. No. 96CA5, unreported; Estep v. Kasparian (1992), 79 Ohio App.3d 313, 317. In the present case, throughout the entire magistrate's decision, the magistrate consistently referred to the conduct, actions, and beliefs of "plaintiffs." Although Mr. Sain, an attorney, represented himself and his wife in the underlying hearings, the frivolous conduct in this case was the filing of the action, and the action was filed by both Mr. and Mrs. Sain. This is not a situation where an independent attorney filed an action on behalf of unwitting clients, and we find it difficult to separate Mr. and Mrs. Sain's responsibility in this matter. Although appellants assert that Mrs. Sain had no legal education and relied on her counsel in good faith, what the party knew or believed is not dispositive, and ignorance of the law is not a defense to a motion for sanctions pursuant to R.C. 2323.51. See Huntington Ctr. Assocs. v. Schwartz, Warren Ramirez (Sept. 26, 2000), Franklin App. No. 00AP-35, unreported; see, also, Ceol v. Zion Indus., Inc. (1992),81 Ohio App.3d 286, 291. Both Mr. and Mrs. Sain are accountable for filing the complaint and pursuing the actions that were so clearly prohibited by res judicata.
Appellants also assert in their eighth assignment of error that appellee did not comply with Loc.R. 25 in submitting the judgment entry to the trial court because it was not submitted to Mr. Sain prior to obtaining the court's signature. Loc.R. 25.01 provides that, unless the trial judge directs otherwise, counsel for the party in whose favor the decision is rendered shall prepare the proper journal entry and submit it to counsel for the opposing party, who shall approve or reject the entry within three days after receipt. In response to the same argument put forth by appellants, we have previously stated, "[a]s the words [of Loc.R. 25.01] indicate, the trial court has some discretion in this matter and appellant has not established that the trial court abused its discretion by approving the submitted journal entry as it did." Whitehurst v. Perry Twp. (1996), 114 Ohio App.3d 729, 736; see, also, Jackson Twp. v. Stickles (Mar. 21, 1996), Franklin App. No. 95APC09-1264, unreported (despite the requirement in Loc.R. 25.01 that a party shall first submit the proposed entry to the adverse party, the trial judge nevertheless ultimately determines what entry shall be made). In the present case, appellants suffered no prejudice when the court filed judgment consistent with the magistrate's decision, as we found above. See Jackson Twp., supra. Thus, appellants' eighth assignment of error is overruled.
Appellants argue in their ninth assignment of error that the amount of $13,984.91 in attorney fees, costs, and expenses awarded for a job that could have been completed in trial in one to two hours or less was unreasonable. Appellants first assert that the fees would have been less had appellee allowed the matter to go to trial instead of pursuing summary judgment. However, summary judgment was an available procedure and properly utilized by appellee. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims. See Williams v. First United Church of Christ (1974),37 Ohio St.2d 150 . Guy R. Humphrey testified that attorney fees were reasonable, and summary judgment was the most economical and efficient manner to proceed. Appellants' argument that appellee should have been somehow forced to allow the matter to proceed to trial because he estimated a trial would have been less expensive is legally and logically untenable. Further, although appellants also argue that fees incurred in pursuing the motion for sanctions should not have been awarded, this court has specifically found that fees under R.C. 2323.51 may include fees incurred in pursuing a motion for sanctions. See Crawford v. Ribbon Technology Corp. (Jan. 11, 2001), Franklin App. No. 00AP-488, unreported, citing Ron Scheiderer, supra. In addition, appellants contend that expenses should not have been awarded because appellee refused to communicate with them throughout the proceedings. However, there is no evidence that appellee unduly prolonged the proceedings, handled discovery matters in any manner prohibited by the Ohio Rule of Civil Procedure, had the duty to negotiate or respond to any personal letters before appellants decided to file the present action, or showed "complete disregard" for appellants' "rights and well-being" during cross- examination. Appellants' ninth assignment of error is overruled.
Appellants argue in their tenth assignment of error that the trial court abused its discretion by imposing the frivolous conduct sanctions under R.C. 2323.51. This assignment of error generally reargues points asserted in previous assignments of error that we have already found to be without merit. Therefore, appellants' tenth assignment of error is overruled.
For the reasons set forth above, we find that the trial court did not err in granting appellee's motion for sanctions. Appellants' ten assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
DESHLER, J., and BRYANT, P.J., concur.