JOURNAL ENTRY AND OPINION
This case results from an order of Judge Christine McMonagle that dismissed appellant Steven K. Bell's appeal of a denial of his claim for worker's compensation benefits on the basis that he failed to timely file his complaint or demonstrate excusable neglect for such failure. We affirm.
Bell claimed that, while employed by appellee Crestmont Cadillac (Crestmont), he sustained an injury to his right knee and sought benefits under claim #99-555761 with the Ohio Bureau of Worker's Compensation. Based upon evidence that he had undergone earlier surgery to that knee, the Industrial Commission found he had not sustained a compensable injury and denied him the right to participate in the fund. He filed an R. C. 41253.512(A) notice of appeal on June 5, 2000, but did not file the required petition/complaint alleging a cause of action to participate in the State Workers' Compensation Fund within thirty days,[1] nor did he ever move for an extension of time to file it. On September 6, 2000, Crestmont moved to dismiss the appeal based upon Bell's omission and, that same day, Bell moved for leave to file his complaint. He later moved for leave to file his complaint, instanter, and attached an affidavit from his attorney citing a heavy workload and a vacation as the reasons for delayed filing and, by October 3, 2000, filed a brief in opposition to Crestmont's motion. On October 20, 1999, the judge issued a journal entry stating,
 PLAINTIFF-APPELLANT'S MOTION FOR LEAVE TO FILE COMPLAINT (FILED 9-6-00) IS DENIED AS UNTIMELY. PURSUANT TO ZULJEVIC V. MIDLAND ROSS (1980) 62 OHIO ST.2d 116 THERE IS NO EXCUSABLE NEGLECT. DEFENDANT-APPELLEE'S MOTION TO DISMISS APPEAL FOR FAILURE TO PROSECUTE AS REQUIRED BY R.C. 4123.512 (FILED 9-6-00) IS GRANTED. FINAL.[2]
Bell's sole assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO FILE A PETITION WITHIN THE THIRTY (30) DAY PERIOD STATED IN THE STATUTE.
Under R.C. 4123.512(D),
 The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action.
The time requirement, however, is not jurisdictional or mandatory because a judge has the discretion to permit the filing of the complaint after the thirty-day period has elapsed.[3] Because the claimant bears the burden of proving his entitlement to participate in the workers' compensation fund, a failure to prosecute is the basis for a dismissal of an appeal under Civ.R. 41(B)(1).[4]
 The law does not * * * permit a claimant to disregard with impunity his statutory obligation to timely prosecute his R.C. 4123.519 [now R.C. 4123.512] claim. Were this court to hold that a claimant may file an untimely complaint in a [R.C. 4123.512] appeal without first obtaining leave of court, the 30-day statutory time limit would be rendered meaningless. Having failed to comply with the statute, it becomes the claimant's burden to show that his failure is due to excusable neglect or other good cause.
Under Civ.R. 41(B)(1), [w]here the plaintiff fails to prosecute * * *, a court upon motion of a defendant or upon its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim. The non-moving party, therefore, must have notice that dismissal is a possibility and has an opportunity to articulate why the action should not be dismissed, i.e. demonstrate that the tardiness of the complaint should be excused for good cause.[5] The filing of and response to a motion to dismiss for failure to prosecute constitutes such notice and an opportunity to respond.[6] The power to dismiss an action for failure to prosecute is vested in the sound discretion of the judge, and appellate review is confined solely to determining whether the judge abused that discretion.[7]
Gonzales v. Stouffer Food Corp.,[8] a case strikingly similar to Bell's, involved a claimant who filed a notice of appeal of the denial of a worker's compensation claim, did nothing further and, about six months later the defendant moved for dismissal for failure to prosecute. The claimant's lawyer submitted that the reasons for his tardiness were a rush of other legal matters caused by a trial and an out-of-town holiday observance, but the judge found his reasons did not rise to the level of excusable neglect, and this court affirmed.
Here, Crestmont moved to dismiss roughly sixty days after Bell should have filed his complaint under the statute and he responded to the motion almost a month later. He seeks impunity from his inaction on the basis that his lawyer was too busy elsewhere or unavailable. As stated in White v. Wheeling-Pittsburg Steel Corp.,[9] [t]he trial judge very clearly reflected in his judgment entry that the claimant-appellant had failed to establish that his failure to comply with the 30-day rule was due to excusable neglect or other good cause. There being nothing in the record to reflect anything contradictory to this finding of the trial judge, his judgment is affirmed. On this appeal we find no abuse of discretion.
It is ordered that the appellee recover from the appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., CONCUR; TERRENCE O'DONNELL, J., CONCURS IN JUDGMENT ONLY.
[1] R.C. 4123.512(D)
[2] VOL. 2517, PG. 0982.
[3] Thompson v. Reibel (1964), 176 Ohio St. 258, 260, 199 N.E.2d 117,119.
[4] Zuljevic v. Midland-Ross Corp. (1980), 62 Ohio St.2d 116, 118-119,403 N.E.2d 986, * * *.
[5] See Zuljevic, supra at 120, 403 N.E.2d 986, * * *.
[6] See Gonzales v. Stouffer Food Corp. (Apr. 18, 1996), Cuyahoga App. No. 69171, unreported; Givens v. Garlando (1985), 27 Ohio App.3d 287,289, 500 N.E.2d 913.
[7] Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91, 437 N.E.2d 1199, **.
[8] Gonzales (Apr. 18, 1996), Cuyahoga App. No. 69171, unreported, supra.
[9] (June 2, 1995), Jefferson App. Nos. 93 CIV 284 and 94 CIV 8, unreported.