RON SCHEIDERER & ASSOCIATES ET AL.; SHIFFLET, APPELLANT,
*v.* CITY OF LONDON, OHIO, ET AL., APPELLEES.

[Cite as *Ron Scheiderer & Assoc. v. London* (1998), 81 Ohio St.3d 94.]

(No. 96–2384—Submitted December 3, 1997—Decided February 18, 1998.)

*Kevin P. Collins,* for appellant Daniel E. Shifflet.

*James K. Reuss* and *Michael R. Szolosi, Jr.,* for appellee city of London.

**MOYER, C.J.** The question presented is whether attorney fees incurred by a party moving for sanctions under former R.C. 2323.51 may be included in an award pursuant to the statute.[1] Our analysis of the plain language of the statute compels the conclusion that former R.C. 2323.51 permits an award based upon a finding of frivolous conduct to include attorney fees incurred in prosecuting a motion for sanctions. Pursuant to former R.C. 2323.51(B)(4), this award may be made against a party, the party's counsel of record, or both. Therefore, we affirm the judgment of the court of appeals.

Former R.C. 2323.51 provided that prior to the commencement of a trial in a civil action, a court may award "reasonable attorney's fees to any party to that action adversely affected by frivolous conduct." Former R.C. 2323.51(B)(1). Former R.C. 2323.51(B)(3) provided the following guidelines for determining the amount of an award of attorney fees:

---

1. Subsequent to the filing of this action, the General Assembly amended the statute. The current version provides that upon a finding of frivolous conduct, "the court may award * * * reasonable attorney's fees * * * to a party to the civil action or appeal who was adversely affected by frivolous conduct." R.C. 2323.51(B)(1). The statute further provides in divisions (B)(3) and (B)(4):

"(3) The amount of an award made pursuant to division (B)(1) of this section that represents reasonable attorney's fees shall not exceed, and may be equal to or less than, whichever of the following is applicable:

"(a) If the party is being represented on a contingent fee basis, an amount that corresponds to reasonable fees that would have been charged for legal services had the party been represented on an hourly fee basis or another basis other than a contingent fee basis;

"(b) In all situations other than that described in division (B)(3)(a) of this section, the attorney's fees that were reasonably incurred by a party.

"(4) An award made pursuant to division (B)(1) of this section may be made against a party, the party's counsel of record, or both."

"The amount of an award that is made pursuant to division (B)(1) of this section shall not exceed, and may be equal to or less than, whichever of the following is applicable:

"(a) If the party is being represented on a contingent fee basis, an amount that corresponds to reasonable fees that would have been charged for legal services necessitated by the frivolous conduct had the party been represented on an hourly fee basis or another basis other than a contingent fee basis.

"(b) In all situations other than that described in division (B)(3)(a) of this section, the attorney's fees that were both reasonably incurred by a party and necessitated by the frivolous conduct."

These guidelines make no distinctions as to whether attorney fees that are related to a certain portion of a case may or may not be included in an award pursuant to a determination of frivolous conduct. Rather, the statute grants courts the authority to award any reasonable attorney fees incurred by a party adversely affected by frivolous conduct. A plain reading of the statute reveals that reasonable attorney fees incurred by a party in prosecuting a motion for sanctions may be awarded to that party upon a finding of frivolous conduct.

Shifflet nonetheless asserts that as counsel of record to the party found to have engaged in frivolous conduct, he cannot be held liable because to do so would place him in an "untenable position." Shifflet claims that imposing liability on attorneys for fees sought in a motion for sanctions under R.C. 2323.51 would force the attorney either to forgo arguing against the motion and agreeing to pay the fees, or to oppose the motion, which would further expose the attorney to potential liability. Therefore, Shifflet argues, the attorney would then face improper conflicts of interest with a client due to the attorney's personal liability, and could not fulfill his duty to represent a client "zealously within the bounds of the law," Canon 7 of the Code of Professional Responsibility.

We disagree with these contentions. The statute plainly states that an award "may be made against a party, his counsel of record, or both." Former R.C. 2323.51(B)(4). The General Assembly gave courts the discretion to hold those engaging in frivolous conduct responsible for their actions. The language of the statute is a clear indication that the General Assembly chose not to make any distinctions based upon the policy arguments which Shifflet asserts here.

Additionally, we observe that the risk of a motion for sanctions under the statute is one that an attorney should anticipate when filing a complaint. We have no desire to cause a chilling effect on the duty of counsel to vigorously represent their clients. Counsel, however, must balance that duty with their concomitant obligation to the bar, the court, and their client to perform responsibly *within the bounds of the law.* See Canon 7; EC 7–1. When a trial court has determined that reasonable inquiry by a party's counsel of record should

reveal the inadequacy of a claim, a finding that the counsel of record has engaged in frivolous conduct is justified, as is an award, made within the statutory guidelines, to any party adversely affected by the frivolous conduct.

Accordingly, we hold that the trial court did not abuse its discretion in awarding attorney fees to the defendants that include fees incurred for the prosecution of the motion for sanctions. An award of attorney fees made by a court pursuant to former R.C. 2323.51 may include fees incurred in prosecuting a motion for sanctions. Such an award may be made against a party, the party's counsel of record, or both. (Former R.C. 2323.51[B][3] and 2323.51[B][4], construed.)

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.