[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
These appeals, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, are not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
These appeals arise from cross-motions for contempt related to the disclosure of drawings of the virtual-reality flight simulator that plaintiff-appellee/cross-appellant Paul Bradford Poppell was riding when he was injured. The motions were filed after defendant Dave Buster's, Inc., had reached settlement with Poppell and after the remaining issues were resolved by a jury trial. In a single assignment of error, defendants-appellants/cross-appellees Triple Quest, Inc., and Adventure Quest, L.L.C., contend that the trial court erred in overruling their objections to the magistrate's January 24, 2000, decision to award attorney fees to Poppell. Poppell, also raising a single assignment of error in his cross-appeal, contends that the trial court erred in adopting the magistrate's July 31, 2000, decision setting the amount of the award at $1,750.
Triple Quest and Adventure Quest's assignment of error is overruled, as the trial court did not err in adopting the magistrate's decision. The imposition of sanctions, pursuant to Civ.R. 11, is a matter within the sound discretion of the trial court. See State ex rel. Fant v. Sykes
(1987), 29 Ohio St.3d 65, 505 N.E.2d 966; see, also, Newman v.Castrucci (1988), 54 Ohio App.3d 166, 651 N.E.2d 1001. To abuse its discretion, a court must act unreasonably, arbitrarily, or unconscionably. See Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83,87, 482 N.E.2d 1248, 1252. Here, the trial court held a hearing and found no basis to reject or modify the magistrate's well-reasoned six-page decision. The trial court exhibited a sound reasoning process that supported its decision, and this court will not disturb that determination. See AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597,601.
Poppell's assignment of error is similarly overruled. Both the magistrate and the trial court had ample evidence to support the amount awarded. The fact that the trial court awarded less than Poppell requested was a matter committed to its sound discretion. The court was permitted to award fees incurred in prosecuting the motions for sanctions, but was not obligated to do so. See, e.g., Scheiderer Assoc. v. London (1998), 81 Ohio St.3d 94, 689 N.E.2d 552, syllabus.
Therefore, the judgments of the trial court are affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Winkler, JJ.