DECISION
Appellant Vincent DePascale appeals the judgment of the Franklin County Court of Common Pleas imposing sanctions under R.C. 2323.51 and Civ.R. 11, against appellant and his client, All Climate Heating and Cooling, Inc. ("All Climate").
The litigation underlying this appeal commenced in 1993 when All Climate filed a complaint against defendants-appellees Zee Properties, Inc. ("Zee Properties"), its principal shareholder C. Marlene Eberhard ("Eberhard"), and other defendants. The complaint alleged that Zee Properties, which has subsequently become insolvent, had acted as a general contractor in the construction business and hired subcontractors and suppliers, including All Climate, for construction work on homes in central Ohio, and that All Climate and other subcontractors had not been fully paid for work performed. The complaint further alleged that Zee Properties had filed false documents with its lenders in order to obtain draws on construction loans in excess of what was justified by the work completed, and that Eberhard had manipulated Zee Properties in order to divert funds for her personal use rather than to unpaid suppliers and contractors. The complaint sought recovery on theories of conversion, fraud, breach of contract, and misrepresentation. The complaint further alleged that Eberhard had personally directed and manipulated the corporation to her own benefit in such a manner that the corporate veil should be pierced and Eberhard should be personally liable.
As litigation progressed, another unpaid supplier, Potter Lumber Company ("Potter Lumber"), joined the action. Some three years after the filing of the complaint, on the eve of trial, All Climate voluntarily dismissed its complaint without prejudice. Potter Lumber went forward with its claims in a jury waived trial before a magistrate. The magistrate ultimately found that Potter Lumber had failed to prove fraud or conversion in its case against Zee Properties and Eberhard, and that decision was subsequently adopted by the trial court and not appealed.
All Climate reinitiated its action with the filing of a virtually identical complaint in 1997. Appellees responded with a motion for summary judgment based on collateral estoppel arising out of the prior unfavorable judgment against Potter Lumber. The trial court denied this initial motion for summary judgment in the 1997 refiled case, finding that, despite the fact that Potter Lumber and other suppliers such as appellant's client, All Climate, were in roughly similar positions as unpaid suppliers with claims against Zee Properties and Eberhard, there was not a sufficient identity of claims to invoke a claim-preclusive aspect of the doctrine of res judicata. The trial court moreover found that there was insufficient privity demonstrated between Potter Lumber and All Climate to invoke collateral estoppel.
Following the denial of their motion for summary judgment on res judicata grounds, appellees filed a renewed motion for summary judgment on the merits of appellant's client's claims. The trial court granted this second motion for summary judgment, finding that All Climate had not pleaded fraud with sufficient particularity, had not presented evidence in opposition to summary judgment establishing a prima facie case for conversion or misrepresentation. Eberhard then filed her motion for sanctions, seeking attorney fees pursuant to R.C. 2323.51 and Civ.R. 11. The motion for sanctions was heard before a magistrate, who awarded Eberhard attorney fees in the amount of $9,716.85. The magistrate found that refiling of All Climate's action against Eberhard personally, in an attempt to pierce the corporate veil, was sanctionable in light of the prior conduct of the litigation:
 * * * While Plaintiff's counsel's zeal in the face of what he and his client perceive to be an injustice is understandable, there has to be a cognizable factual basis for recovery. The three years of litigation in the first case, a "test drive" of the right to recover by a co-plaintiff in a prior trial on the same facts, and the additional opportunity for discovery in this case still left Plaintiff without enough evidence to get over the summary judgment hurdle. While not every case that is dismissed on summary judgment merits sanctions, this case was filed a second time and pursued without an evidentiary basis for the position that Defendant Eberhard was personally liable to Plaintiff on the corporate business account. * * * [Dec. 28, 1999, Magistrate's Decision at 5.]
The magistrate subsequently rendered a clarified decision specifying that Eberhard should recover the award of fees jointly from both appellant and his client.
Appellant subsequently filed objections, on his own behalf only, to the magistrate's award of fees. The trial court overruled the objections as moot, finding that appellant, as counsel and not a party, had no standing to object. The trial court's initial decision in this respect was reversed upon appeal to this court in a decision in which we held that appellant, as counsel having suffered a decision finding him liable for sanctions in the form of attorney fees, had standing to file objections and an appeal. All Climate Heating and Cooling, Inc. v. Zee Properties, Inc. (DePascale) (May 17, 2001), Franklin App. No. 00AP-1141, unreported.
Upon remand to the trial court, appellant's objections to the magistrate's decision awarding attorney fees were considered and overruled. The matter is presently before us upon timely appeal by appellant, who brings the following assignments of error:
 I. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT IMPOSED SANCTIONS FOR FRIVOLOUS CONDUCT UNDER PROVISIONS OF OHIO REV. C. § 2323.51 (Am. Sub. H.B. 350 eff. 1/27/97) DECLARED UNCONSTITUTIONAL BY The State ex rel. Ohio Academy of Trial Lawyers et al. v. Sheward, 86 Ohio St.3d 451 (August 16, 1999).
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN, AFTER IT OVERRULED DEFENDANT'S MOTION TO DISMISS AND, AFTER IT OVERRULED DEFENDANT'S FIRST MOTION FOR SUMMARY JUDGMENT IT THEN IMPOSED SANCTIONS FOR FRIVOLOUS CONDUCT ON PLAINTIFF AND ON PLAINTIFF'S ATTORNEY FOR HAVING FILED THE COMPLAINT.
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT IMPOSED SANCTIONS FOR FRIVOLOUS CONDUCT ON PLAINTIFF'S ATTORNEY PURSUANT TO OHIO CIVIL RULE 11, DESPITE THE FACT THAT PLAINTIFF'S COUNSEL'S TESTIMONY ESTABLISHED FULL COMPLIANCE WITH RULE 11 AND WAS UNCONTESTED.
 IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT AWARDED ATTORNEY FEES TO DEFENDANT-APPELLEE EBERHARD
A. CONTRARY TO R.C. 2323.51.
 B. BASED ON A BILL IN CONFLICT WITH TESTIMONY OF APPELLEE'S COUNSEL.
AND,
 C. RELATED TO DEFENSE OF VALID CLAIMS; A MOTION WHICH WAS OVERRULED; WORK BY A LAW CLERK; AND, OVERHEAD.
Appellant's first assignment of error asserts that the trial court erred when it imposed sanctions under a subsection of Ohio's frivolous conduct statute, R.C. 2323.51, which, since its enactment, has been found unconstitutional by the Ohio Supreme Court in State ex rel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451. At the time the trial court ruled on appellee Eberhard's motion for sanctions, R.C. 2323.51
provided, in part, as follows:
(2) "Frivolous conduct" means either of the following:
 (a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A) (1) (b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:
 (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
 (iii) Allegations or other factual contentions have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;
 (iv) Denials or factual contentions are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.
Appellant asserts that appellee's motion for sanctions, and the subsequent magistrate's decision and decision of the trial court awarding sanctions, were argued and decided under R.C. 2323.51(A)(2)(iii) and (iv), relating to factual contentions having no evidentiary support. This provision of the frivolous conduct statute was declared unconstitutional in Sheward, and as a result appellant argues that the decision on sanctions should have been made under the prior (1988) version of R.C. 2323.51:
 (2) "Frivolous conduct" means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:
 (a) It obviously serves merely to harass or maliciously injure another party to the civil action;
 (b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
Appellant asserts that, had the trial court applied the appropriate definition of frivolous conduct, no award of fees would have been made in the present case.
We find that the trial court's decision is not irremediably based upon the invalidated sections of R.C. 2323.51, and can be supported under the prior version of the statute.
The trial court in the present case did base its decision, as revealed in the above-quoted language from the magistrate's decision, in large part upon the known evidentiary insufficiency of appellant's case at the time of the refiled complaint in 1997. While that part of R.C. 2323.51
which was declared unconstitutional in Sheward, supra, does stress evidentiary issues, there is precedent for finding that a case presenting known insurmountable evidentiary deficiencies prior to filing may give rise to sanctions under the prior version of the frivolous conduct statute. In Rossman Co. v. Donaldson (Dec. 6, 1994), Franklin App. No. 94APE03-388, unreported, this court affirmed the imposition of sanctions by the trial court, finding that "[t]he court held that Rossman acted frivolously in filing and pursuing these claims because he followed a pattern of `either having facts, ignoring facts, or refusing to investigate facts.'" Id. "The claims and counterclaims were documentation-intensive and the majority, if not all, of the documents were within appellants' possession or otherwise easily available to them." Id. Similarly, the Ohio Supreme Court has held that when the trial court finds "that reasonable inquiry by a party's counsel of record should reveal the inadequacy of a claim, a finding that the counsel of record has engaged in frivolous conduct is justified, as is an award, made within the statutory guidelines, to any party adversely affected by the frivolous conduct." Ron Scheiderer Assoc. v. London (1998),81 Ohio St.3d 94, 97-98. In another comparable case from this court, we held that "'[t]he failure to conduct a reasonable investigation of the facts and the law of a claim prior to filing a complaint may constitute frivolous conduct under O.R.C. 2323.51 and Civil Rule 11.'" Crooks v. Consolidated Stores Corp. (Feb. 4, 1999), Franklin App. No. 98AP-83, unreported. (Emphasis sic.)
The trial court's finding in the present case was that appellant, based upon his participation in the initial filing against Zee Properties and Eberhard, his conversations with counsel for Potter Lumber after the first unsuccessful trial, and subsequent investigation and familiarity with the case should have resulted in knowledge that a refiled action against Eberhard personally would not succeed. Applying the former version of R.C. 2323.51, the trial court could properly find that, based upon a deficiency of the facts, the action was no longer warranted under existing law and could not be supported by a good faith argument for an extension, modification, or reversal of existing law.
We accordingly find that the trial court's decision was not improperly reliant upon portions of R.C. 2323.51 which have been held unconstitutional under Sheward, supra, but was rather based upon applicable law which could support an award of sanctions. Appellant's first assignment of error is therefore overruled.
Appellant's second assignment of error asserts that no finding of frivolous conduct was possible in this case, based on the fact that the first complaint filed in 1993 survived a motion to dismiss for failure to state a claim, and the refiled claim in 1997 survived a motion for summary judgment based on collateral estoppel and res judicata.
With respect to the contention that a matter surviving summary judgment on res judicata grounds could not be found frivolous based upon evidentiary and legal deficiencies on the merits, we find appellant's argument to be without merit. Appellee presumably chose to file an initial motion for summary judgment based on res judicata because this represented the simplest and most economical way to deal with the refiled complaint. When the motion for summary judgment, based on res judicata failed, appellee then filed a more labor-intensive motion for summary judgment on the merits, which involved a review of the documentary evidence in the case and examination of multiple legal issues. Simply because the trial court found the claim preclusion and issue preclusion arguments raised in the initial motion for summary judgment to be without merit would not render the substance of the lawsuit immune from being found frivolous on other grounds.
The fact that the initial complaint filed in 1993 had survived a motion to dismiss for failure to state a claim is not dispositive of the condition of those claims some six years later, after extended discovery and an unsuccessful trial by a similarly situated party. The question of whether a complaint stated a facially valid claim was no longer an issue and after extended litigation, the issue had become whether plaintiffs' claims had retained any valid legal or evidentiary basis to support refiling the action.
We accordingly find that the prior determinations by the trial court on the motions to dismiss and the summary judgment motion based on res judicata were not preclusive of a subsequent finding that the action constituted frivolous conduct. Appellant's second assignment of error is overruled.
Appellant's third assignment of error asserts that the trial court erred in imposing sanctions under Civ.R. 11, providing, in pertinent part, as follows:
 Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address and attorney registration number, if any, shall be stated. * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule an attorney or pose se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. * * *
As with an award of sanctions under R.C. 2323.51, a decision to impose sanctions pursuant to Civ.R. 11 including an award of reasonable attorney fees, lies within the discretion of the trial court, and absence an abuse of discretion such a decision will not be reversed. State ex rel. Fant v. Sykes (1987), 29 Ohio St.3d 65. In the present case, the essence of the trial court's decision was that, after extended litigation, appellant, as counsel, no longer had "knowledge, information, and belief" that there was good ground to support the action. This is consistent with the trial court's assessment of the facts of the case in imposing sanctions under R.C. 2323.51, as set forth above. Frivolous conduct, for purposes of R.C. 2323.51 and Civ.R. 11, must ultimately be defined within objective limits of legal and factual realities, without reference to extremes of subjective belief on the part of counsel with respect to the merits of the case. Lewis v. Celina Fin. Corp. (1995),101 Ohio App.3d 464, 473. The trial court in the present case concluded that there was no longer reasonable grounds for the objective belief that the merits of the action warranted refiling a complaint after Potter Lumber's unsuccessful trial and an objective assessment of the state of the evidence. The question of whether counsel or a party have acted in good faith in bringing an action is of necessity, particularly on facts like those before us, an intensely factual question. As such, great deference is due to the factual determinations of the trial court. Wiltberger v. Davis (1996), 110 Ohio App.3d 46. According such deference to the findings of the trial court, we find no abuse of discretion in awarding sanctions pursuant to Civ.R. 11 against appellant. Appellant's third assignment of error is accordingly overruled.
Appellant's fourth assignment of error asserts that the trial court erred in awarding fees in an amount that was not supported by the evidence at the sanctions hearing. Specifically, appellant argues that lawclerk time was billed at fifty dollars an hour, which appellant asserts should not be compensated as part of fees; that no evidence was presented of a fee agreement between Eberhard and her counsel, or that Eberhard had actually agreed to pay her counsel's bill; and that fees were awarded for bringing the res judicata summary judgment motion which was overruled by the trial court.
The magistrate's decision specifically found that:
 * * * Defendant Eberhard has incurred legal expenses of $9,716.85 since the inception of the second suit. Counsel for Defendant Eberhard has expended 117.15 hours of total professional time, at an hourly rate of $150 per hour for a partner and $50 per hour for a law clerk. The Magistrate finds that the hours involved were reasonable and necessary, and that the hourly rates are reasonable in the local legal community. [Dec. 28, 1999, Magistrate's Decision at 5.]
Appellant correctly points out that a law office's general overhead should not be attributed as fees and considered in an award of sanctions. However, an award of attorney's fees may include miscellaneous costs associated with the litigation. Villella v. Waikem Motors, Inc. (1989),45 Ohio St.3d 36, 42. In connection with contemporary practices of law office management and litigation accounting, this proposition was well stated by the Twelfth Appellate District in Ron Scheiderer Assoc. v. London (Aug. 5, 1996), Madison App. No. CA95-08-022, unreported; affirmed (1998), 81 Ohio St.3d 94:
 * * * Today, modern electronic accounting methods allow attorneys to submit detailed and specialized billing for their services. Many attorneys now charge lower hourly rates and bill clients directly for paralegal time and for other legal expenses. * * * Where expenses can be clearly and directly traced to the costs associated with a particular matter, those expenses are not properly considered part of an attorney's "overhead."
 Moreover, when properly employed and supervised, legal assistants may decrease litigation expenses, and their use should not be discouraged. In Jackson v. Brown (1992), 83 Ohio App.3d 230 * * *, the Eighth District Court of Appeals concluded that an award of "reasonable attorney's fees" under R.C. 5321.51 properly encompassed the fees for the efforts of a legal intern on behalf of a tenant. * * *
We therefore find no error in the present case in the trial court's inclusion of these items as part of an award of fees.
With respect to the absence of a fee agreement or evidence of a binding agreement between Eberhard and her counsel, the cases cited by appellant are inapposite as they involve fee disputes between counsel and clients, rather than a determination of an award of fees for frivolous conduct. DePascale v. Waller (Dec. 28, 1995), Franklin App. No. 95APG06-781, unreported; and Climaco, Seminatore, Delligatti Hollenbaugh v. Carter (1995), 100 Ohio App.3d 313. Obviously, in a fee dispute between counsel and client, the presence of a fee agreement and an agreed-upon hourly rate are critical to the attorney sustaining his burden of proof in attempting to collect where they are disputed by the client. That is not the case in the matter before us. The itemized bill for services, which was introduced as an exhibit at the sanctions hearing, is present in the record and does indicate the attorney's hourly rate, the lawclerk's hourly rate, the total number of hours expended, and other detailed expenses. We find that this, in conjunction with counsel's own testimony, constitutes sufficient evidence to award the amount of fees awarded by the trial court. Appellant's fourth assignment of error is accordingly overruled.
In accordance with the foregoing, appellant's four assignments of error are overruled, and the award of attorney fees as sanctions under R.C.2323.51 and Civ.R. 11 pursuant to the trial court's judgment is affirmed.
Judgment affirmed.
LAZARUS and BROWN, JJ., concur.