This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Shenfeng Peng has appealed from an order of the Summit County Court of Common Pleas that dismissed Peng's motion for sanctions sought pursuant to Civ.R. 11 and R.C. 2323.51. This Court reverses and remands.
 I
This appeal concerns only the trial court's dismissal of Peng's motion for sanctions filed after the underlying action in the trial court had been dismissed. Appellee S S Computer Systems, Inc. ("S S") commenced the underlying action by filing a breach of contract claim against Peng. After discovery had been conducted, Peng moved the trial court for leave to amend his answer to include S S's lack of capacity as an affirmative defense to the claims in S S's complaint. Peng's additional defense reflected his belief that at the time S S pressed its claim, "S S Computer Systems, Inc." was not a corporation in good standing, because its articles of incorporation had been cancelled by the secretary of state in 1987 for non-payment of Ohio taxes.
Soon after Peng filed his motion to amend his answer, S S voluntarily dismissed its complaint without prejudice under Civ.R. 41(A). Peng then filed a motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51 for "reimbursement of attorney's fees and costs he has incurred in preparing his defense(s) against [S S's] claims." The basis for Peng's motion for sanctions was his belief that Horace Spivey, S S's principal shareholder, and/or John Sutula, S S's counsel of record, were aware at the time S S's suit was pending against Peng that S S was not a corporation in good standing and therefore lacked capacity to bring the suit.
The trial court referred the issues presented by Peng's motion for sanctions to a magistrate for resolution pursuant to Civ.R. 53. The magistrate held four conferences on the record regarding Peng's motion between December 15, 2000, and March 21, 2001. At these conferences, the parties and the magistrate engaged in protracted discussions concerning the nature and amount of discovery Peng would be permitted to obtain from S S, Spivey, and Sutula regarding their knowledge of S S's lack of capacity to sue Peng.
On March 22, 2001, S S filed a "motion to dismiss and alternate motion for judgment on the pleadings." Peng responded in opposition to the motion, and on May 6, 2001, the trial court journalized the magistrate's decision, which concluded that S S was entitled to a dismissal of Peng's motion for sanctions. Peng filed objections to the magistrate's decision, which the trial court overruled by an order adopting the magistrate's decision journalized on November 15, 2001. Peng has appealed from this order of the trial court, asserting one assignment of error.
 II Assignment of Error "The trial court erred in entering judgment against [Peng] on his motion for sanctions under [Civ.R. 11] and under R.C. 2323.51, the frivolous conduct statute."
In his sole assignment of error, Peng has argued that the trial court erred in adopting the magistrate's decision dismissing Appellant's motion for sanctions. Peng has argued that the magistrate should have continued to allow discovery to proceed and conducted a hearing on the merits of the motion to determine whether sanctionable conduct occurred, and then determined who was liable for any such conduct.
A decision to impose sanctions pursuant to Civ.R. 11 is within the sound discretion of the trial court. State ex rel. Fant v. Sykes (1987),29 Ohio St.3d 65. Appellate review of a trial court's award of attorney's fees for frivolous conduct pursuant to R.C. 2323.51 is likewise under the abuse of discretion standard, but the trial court's factual findings supporting a conclusion that frivolous conduct occurred will not be overturned if they are supported by competent, credible evidence.Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 51-52.
In the instant case, however, the trial court never determined whether sanctions or attorney's fees were appropriate based on the merits of Peng's motion; instead, the trial court dismissed the motion as legally insufficient on its face.[1] The magistrate determined that Peng's motion was deficient because of its failure to state with particularity 1) the parties who were allegedly responsible for any frivolous or sanctionable conduct, 2) which pleadings allegedly violated Civ.R. 11, and 3) which "prong" of the frivolous conduct statute Peng intended to proceed under. The legal sufficiency of Peng's motion in requesting relief pursuant to Civ.R. 11 and R.C. 2323.51 is a question of law, which this Court reviews de novo. See Wiltberger at 51-52.
 Civil Rule 11
Civ.R. 11 provides:
 "Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name * * *. A party who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. * * * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. * * * For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule."
The magistrate's decision determined that Peng's motion was not specific enough in its identification of either the individual(s) or the pleading(s) alleged to have violated Civ.R. 11. Specifically, the magistrate concluded:
 "In this particular case, there is a requirement that any claim for relief under Civ.R. 11 that the pleader identify which particular pleading is believed was signed in violation of this rule. Neither the original motion for sanctions filed November 3, 2000 nor the accompanying brief in support provides the necessary specificity to identify what pleading, let alone deal with the question that at best the only person who signed this document was the Plaintiff counsel and not the Plaintiff nor Horace W. Spivey, individually, or in his corporate capacity. As such, the claim for relief under Civ.R. 11 as regards to the individual Horace W. Spivey and/or John Sutullo is found without merit and is dismissed.
This Court finds that Peng's motion was not fatally defective for any such lack of specificity. Civ.R. 7(B) requires that motions "state with particularity the grounds therefor, and * * * set forth the relief or order sought." Peng's motion stated his request "for an award of sanctions including but not necessarily limited to reimbursement of attorney's fees and costs he has incurred in preparing his defense(s) against [S S's] claims." Peng's motion continued: "Peng respectfully requests that the Court apply the standards in Civ.R. 11 and [R.C.] 2323.51 to remedy the harm done to him in this case." Civ.R. 11, by its terms, applies only to the attorney of record who signed the document alleged to have violated the rule, or the pro se party who signed the document if the party is not represented by an attorney. Burrell v.Kassicieh (1998), 128 Ohio App.3d 226, 231, appeal not allowed (1998),83 Ohio St.3d 1463. It is clear from a review of the pleadings and of the transcripts of the hearings conducted before the magistrate that Sutula was undisputedly the attorney of record who signed the pleadings on behalf of S S in the underlying breach of contract action. The identity of the attorney whose conduct Peng alleged to be in violation of Civ.R. 11 was therefore not a mystery."
Moreover, Peng's brief in support of his motion for sanctions, filed contemporaneously with that motion, identified Sutula by name and specified the conduct alleged to have violated Civ.R. 11:
 "The putative Plaintiff in this matter S S Computer Systems, Inc. was an Ohio corporation whose charter had been cancelled prior to the time it alleges a contract was made for [Peng's] services. The putative plaintiff corporation most certainly ceased to exist prior to the filing of the instant complaint according to the Secretary of State's certificate copied and attached hereto. Both Horace W. Spivey (President and principal shareholder in the defunct corporation) and his lawyer John D. Sutula knew that to be the fact. Nevertheless, they pled and pressed their fictitious claim against Peng until he discovered and presented, through his motion to amend his answer, information as to the plaintiff's true status."
It is clear that the brief in support of the motion both refers to Sutula by name as the attorney whose conduct allegedly violated Civ.R. 11, and refers to "the filing of the instant complaint" and the "[pleading] and press[ing of] their fictitious claim" as the allegedly violative conduct. Inexplicably, however, the magistrate refused to acknowledge the information in the brief in support when considering the specificity of Peng's motion:
 "The individual person known as Horace W. Spivey who was then president and principal shareholder of S S Computer Systems, Inc. and the attorney for that entity in this lawsuit, John D. Sutullo, were only mentioned inferentially insofar as the brief in support. Such reference to these two individual persons in the brief in support and not in the motion cannot be considered as charges as to them in the motion. They are not by this motion interjected into a claim for relief pursuant to R.C. 2323.51 or Civ.R. 11."
Neither the magistrate's decision nor S S has provided any authority for the proposition that a motion for sanctions must be considered in isolation from any reasonable inferences that can be drawn therefrom, or from an attached brief in support.
Based on the foregoing, this Court concludes that Peng's motion for Civ.R. 11 sanctions was not fatally defective for want of specificity as to either the attorney or the pleadings alleged to have violated the rule, and the trial court erred in dismissing the motion on that basis.
 R.C. 2323.51 "Frivolous conduct" is defined as conduct of a party to a civil action or a party's counsel of record that satisfies either of the following:
 "(i) obviously served merely to harass or maliciously injure another party to the civil action or appeal.
 "(ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."
R.C. 2323.51(A)(2)(a)(i)-(ii). Sanctions for frivolous conduct pursuant to R.C. 2323.51, like Civ.R. 11, may be awarded by a court "upon the motion of a party to a civil action or appeal." R.C. 2323.51(B)(2). An award under this statute may be made against a party, the party's counsel of record, or both. R.C. 2323.51(B)(4); Scheiderer Assoc. v. London
(1998), 81 Ohio St.3d 94, 95. R.C. 2323.51 provides "courts the discretion to hold those engaging in frivolous conduct responsible for their actions." Scheiderer Assoc. at 97.
The magistrate concluded that Peng's claim was "totally devoid of any necessary clarification" as to which "prong" of R.C. 2323.51 Peng was seeking sanctions under. The magistrate determined that "[i]t is up to the pleader alleging such violation of a frivolous conduct statute to clearly identify to the recipient of that claim as to which part of the statute is violated."
This Court disagrees with the magistrate's interpretation. As we stated in the foregoing discussion of Peng's Civ.R. 11 claim, Peng's motion and brief in support complied with Civ.R. 7(B) by adequately stating the grounds for the motion and setting forth the relief sought. Peng was clearly alleging that S S and/or its counsel engaged in frivolous conduct by filing and pursuing its claim against Peng in the name of a corporation that S S and/or its counsel knew lacked capacity to sue. There was no additional requirement that the motion identify with the precision demanded by the magistrate the subsection under which Peng intended to proceed, before any discovery or hearings were conducted.
The magistrate also recommended that Peng's motion for sanctions for frivolous conduct pursuant to R.C. 2323.51 be dismissed because Peng's motion named only S S as "the noncomplying entity." According to the magistrate, Peng's motion was insufficient because it failed to provide adequate notice to either Spivey or Sutula that they were required to defend against Peng's claim.
There is no requirement that Peng "join" either Spivey or Sutula "in a claim for frivolous conduct;" naming S S, the party who sued Peng, in the motion and naming Spivey and Sutula in the brief in support was sufficient for purposes of the motion. Moreover, both the brief in support of Peng's motion for sanctions and the records of the hearings before the magistrate make clear that the knowledge of Spivey and Sutula concerning the capacity of S S to sue Peng was the key issue in Peng's request for sanctions. Both Sutula and S S were represented by counsel at the hearings, and Sutula was served with Peng's motion for sanctions and brief in support. If the magistrate determined that either S S, acting through one or more of its agents, or S S's attorney of record had engaged in frivolous conduct, then the issue of from whom Peng could collect sanctions would be ripe for determination. Accordingly, the trial court erred in adopting the magistrate's conclusion that Peng's motion for sanctions must be dismissed for failure to "join" Spivey or Sutula in a "claim" for frivolous conduct.
 III
Peng's sole assignment of error is sustained. The judgment of the trial court is reversed, and the cause remanded for proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
SLABY, P.J., BATCHELDER, J. CONCUR.
[1] S S moved to dismiss Peng's motion for sanctions "pursuant to [Civ.R. 12(B) and 12(C)]," and the magistrate's decision stated that it was applying the standard "which must be followed on ruling on a motion to dismiss pursuant to Civ.R. 12(B)." Peng's motion, however, was not a "claim for relief in [a] pleading" as defined by Civ.R. 7(A) that was subject to a defense presented by a Civ.R. 12 motion. See Haney v.Trout, 2002-Ohio-564, 2002 Ohio App. LEXIS 501, at *17 (rejecting appellant's argument that motion for sanctions is a pleading). Rather, it was a motion, subject to the requirements of Civ.R. 7(B), and the proper vehicle for attacking the sufficiency of the motion was a motion to strike. See, e.g., Stone v. House of Day Funeral Serv., Inc. (2000),140 Ohio App.3d 713, 719; Riley v. Langer (1994), 95 Ohio App.3d 151,157.