{¶ 36} I respectfully dissent from the majority's disposition of this case.
 {¶ 37} R.C. 2323.51 (A) (2) defines "frivolous conduct" as any of the following:
 {¶ 38} "(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 {¶ 39} "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
 {¶ 40} "(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
 {¶ 41} "(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief".
 {¶ 42} This is an action for assault, intentional infliction of emotional distress, and unintentional infliction of emotional distress brought by appellant against his father. In the complaint, appellant alleges appellee physically abused appellant between the years of 1962 and 1990. Appellant alleges on March 12, 2002, his neurologist informed him he had suffered an irreversible brain injury and suffered from post-traumatic stress disorder. Appellant also learned he is at greater risk of contracting Parkinson's disease and Alzheimer's disease as a result of his brain injury.
 {¶ 43} In a deposition taken in 1991 plaintiff testified that he had pain in his ears and jaw. (Deposition of Joseph A. Pingue, taken Sept. 9, 1991, filed April 26, 2005 at *Page 14 
17). [Hereinafter "Depo."]. Approximately two year's earlier plaintiff consulted a physician who informed him that the pain was caused by being struck in the head many times. (Depo. At 21). In spite of this knowledge plaintiff waited until 2003 to file a complaint.
 {¶ 44} The present case involves, not a plaintiff who failed to discover any injury, but a plaintiff who failed to discover the full extent of his injuries before the statute of limitations expired. There is no requirement that a plaintiff must discover the full extent of his or her injuries before the statute of limitations begins to run.
 {¶ 45} Once a plaintiff knows of an injury and the cause of the injury, the law gives the plaintiff a reasonable time to file suit.Norgard v. Brush Wellman, Inc., 95 Ohio St.3d 165, 2002-Ohio-2007
at ¶ 19, 766 N.E.2d 977. The Supreme Court recognized in Zimmie v. Calfee,Halter Griswold (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, that an injured person need not be aware of the full extent of the injury before there is a "cognizable event" triggering the statute of limitations. "Instead, it is enough that some noteworthy event, the cognizable event, has occurred which does or should alert a reasonable person" that a wrong has taken place. Id. at 58, 538 N.E.2d at 402. See, also,Columbus Bd. of Edn. v. Armstrong World (1993), 89 Ohio App.3d 846, 851,627 N.E.2d 1033, 1037 (the discovery rule states that the cause of action accrues when the plaintiff knew or, in the exercise of reasonable diligence, should have known, of the injury).
 {¶ 46} In determining whether the claim itself is frivolous, the test is whether no reasonable lawyer would have brought the action in light of the existing law. Riston v. Butler, 149 Ohio App.3d 390,2002-Ohio-2308, 777 N.E.2d 857, citing Hickman v. *Page 15 Murray (Mar. 22, 1996), Montgomery App. No. CA 15030. "`In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim.'" Id. at ¶ 30, quotingHickman v. Murray.
 {¶ 47} The Ohio Supreme Court has stated:
 {¶ 48} "When a trial court has determined that reasonable inquiry by a party's counsel of record should reveal the inadequacy of a claim, a finding that the counsel of record has engaged in frivolous conduct is justified, as is an award, made within the statutory guidelines, to any party adversely affected by the frivolous conduct." Ron Scheiderer Assoc. v. City of London (1998), 81 Ohio St.3d 94, 97-98,689 N.E.2d 552. Considering the course of this litigation and the trial court's findings, it is apparent that a reasonable inquiry would have revealed the legal impossibility of the claim. The cognizable event in the case at bar occurred, according to appellant's complaint between 1962 and 1990. Although a discovery rule has been adopted for accrual of actions for bodily injury by O'Stricker v. Jim Walter Corp. (1983),4 Ohio St. 3d 84, a discovery rule has not been adopted with respect to actions for assault and battery. Grooms v. Grooms (Feb. 26, 1985), 10th Dist. No. 84AP-773.
 {¶ 49} "Although she may not have known at that time of the total extent of her physical injuries, she did know that defendant had committed an assault and battery upon her causing physical injury. At that time, she knew she had sustained bodily injuries as a result of defendant's wrongful conduct in committing the assault and battery, and her cause of action for assault and battery accrued.
 {¶ 50} "No new cause of action for assault and battery accrued when plaintiff later discovered that the extent of her bodily injuries was greater than she originally *Page 16 
realized. A claim for assault and battery is not divisible with part of it accruing at one time, and a part, later. Discovering that the extent of physical injuries is greater than originally realized does not create a new accrual date for the cause of action for assault and battery."Grooms, supra.
 {¶ 51} Under a de novo review of the facts and the law, I would conclude the trial court properly granted appellee's motion for sanctions. *Page 1