[Cite as *Norris v. Philander Chase Corp.*, 2012-Ohio-5.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOHN NORRIS, EXECUTOR, ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Appellant/Cross-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 11-CA-12 |
| PHILANDER CHASE CORPORATION,<br>ET AL. | |
| | O P I N I O N |
| Defendants-Appellees/Cross-Appellants | |


CHARACTER OF PROCEEDING:     Appeal from the Knox County Court of
                             Common Pleas


JUDGMENT:                    Affirmed in part; reversed in part; and
                             remanded


DATE OF JUDGMENT ENTRY:      January 3, 2012


APPEARANCES:


For Appellant/Cross-Appellee          For Defendants-Appellees/
                                      Cross-Appellants


JAMES H. BANKS                        RICHARD S. LOVERING
P.O. BOX 40                           BRICKER & ECKLER LLP
DUBLIN, Ohio 43017                    100 South Third Street
                                      Columbus, Ohio 43215

*Hoffman, P.J.*

**(¶1)** Appellant/cross-appellee John Norris appeals the May 9, 2011 Judgment Entry entered by the Knox County Court of Common Pleas, rendering judgment against him and his counsel, Leonard Yelsky, jointly and severally, in the amount of Three Hundred Eighty-One Thousand Four Hundred Twenty-One and 86/100 Dollars ($381,421.86). Defendants-appellees/cross-appellants are Kenyon College and Philander Chase Corporation (collectively "the College") who cross-appeal the trial court's denial of their request for prejudgment interest and exclusion of additional parties as being jointly and severally liable in that same judgment.

STATEMENT OF THE CASE

**(¶2)** This appeal follows remand by this Court in *Norris v. Philander Chase Company and Kenyon College* (October 28, 2010), Knox County Appeal No. 10-CA-04.[1] Therein, we reversed the judgment of the Knox County Court of Common Pleas and remanded the matter to the trial court, finding "…the trial court should have deemed his [Norris's] action in filing it to be frivolous." (Id, at ¶24). Via Judgment Entry filed January 3, 2011, this Court granted reconsideration of our prior opinion and concluded "… we adhere to our original decision in this matter." (Judgment Entry at p.2, unpaginated).

**(¶3)** Upon remand, the trial court scheduled a hearing on the College's Motion for Expenses for February 2, 2011. Appellant's counsel filed a Motion to Disqualify the Knox County Court Reporter, Donna Chafins, on January 26, 2011. Appellant's counsel

---

[1] See our Opinion for a rendition of the procedural history and a statement of facts as they existed prior to remand.

also issued subpoenas to previously dismissed defendant, Attorney Richard Murray, as well as Court Reporter Chafins to appear for the February 2, 2011 hearing. Attorney Murray filed a Motion to Quash the subpoena on January 31, 2011. The trial court rescheduled the February 2, 2011 hearing for April 8, 2011.

**(¶4)** On March 2, 2011, the trial court issued a Judgment Entry outlining the parameters for the April 8, 2011 hearing. Therein, the trial court denied Appellant's counsel's Motion to Disqualify the Court Reporter as moot, excused Chafins from serving as court reporter for the April 8, 2011 hearing, and ordered Norris and Appellant's counsel to arrange for another court reporter. The College filed a Motion for Expenses and Prejudgment Interest on March 31, 2011.

**(¶5)** Following the evidentiary hearing on April 8, 2011, the trial court entered its Judgment Entry filed May 9, 2011, granting judgment against Appellant and his counsel, Leonard Yelsky, jointly and severally.

**(¶6)** It is from that judgment entry Appellant prosecutes this appeal, assigning as error:

**(¶7)** "I. THE TRIAL COURT'S AWARD OF ATTORNEY FEES IS CONTRARY TO LAW AND EQUITY SUCH THAT THE JUDGMENT BELOW MUST BE REVERSED.

**(¶8)** "II. THE TRIAL COURT ERRED IN AWARDING SANCTIONS AGAINST PLAINTIFF JOHN NORRIS, PERSONALLY."

**(¶9)** The College cross-appeals from that same judgment entry, assigning as error:

(¶10) "I. THE TRIAL COURT ERRED IN FAILING TO AWARD PREJUDGMENT INTEREST PURSUANT TO R.C. 1343.03(C).

(¶11) "II. THE TRIAL COURT ERRED IN AWARDING JUDGMENT AGAINST ONLY A CREDITOR-PROOF ATTORNEY RATHER THAN ALL ATTORNEYS WHO SIGNED THE COMPLAINT DETERMINED BY THIS COURT TO BE FRIVOLOUS WHEN FILED."

APPEAL

II

(¶12) For ease of discussion, we shall address Appellant's second assignment of error first. In his second assignment of error, Appellant contends the trial court erred in awarding sanctions against him personally.

(¶13) Appellate courts review decisions to impose sanctions and upon whom to impose such sanctions under an abuse of discretion standard. *Burrell v. Kassicieh* (1998), 128 Ohio App.3d 226, 230, 714 N.E.2d 442, appeal not allowed by 83 Ohio St.3d 1463, 700 N.E.2d 880. See, also *Mason v. Meyers* (2000), 140 Ohio App.3d 474, 477-478, 748 N.E.2d 100. An abuse of discretion implies an attitude of the trial court that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

(¶14) R.C. 2323.51(B) provides "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal." Under R.C. 2323.51(B)(4), such an award may be made against the party, the party's counsel of record, or both. See, *Ron Scheiderer & Assoc. v. London* (1998), 81 Ohio St.3d 94,

95, 689 N.E.2d 552. The objective of the statute is to impose sanctions on the person actually responsible for the frivolous conduct. Id. at 97.

**(¶15)** Although Appellant asserts he is a lay person and relied on his counsel in good faith, it is well established what the party knew or believed is not dispositive, and ignorance of the law is not a defense to a motion for sanctions pursuant to R.C. 2323.51. See, *Huntington Ctr. Assocs. v. Schwartz, Warren & Ramirez* (Sept. 26, 2000), Franklin App. No. 00AP-35, unreported; see, also, *Ceol v. Zion Indus., Inc.* (1992), 81 Ohio App.3d 286, 291.

**(¶16)** As set forth in our Statement of the Case and Facts in our original opinion in *Norris v. Philander Case Co.*, Knox App. No. 10-CA-04, 2010-Ohio-5297, Appellant actively blocked the participation of the family farm in the OAEPP. Participation in the program would have provided funds with which the family could have paid for Clyde Norris' medical expenses. When the family requested Appellant start paying rent – he had been living on the family farm for free – Appellant agreed to allow participation in the OAEPP in return for his being permitted to purchase the family farm at a price below fair market value. As part of the settlement, Appellant voluntarily released his option. Appellant, nonetheless, ultimately blocked participation of the family farm in the OAEPP. Appellant subsequently initiated the instant action asserting a claim of tortious interference with contract based upon the option he chose to release.

**(¶17)** We find the trial court did not abuse its discretion in imposing sanctions against Appellant personally.

**(¶18)** Appellant's first assignment of error is overruled.

I

**(¶19)** In his first assignment of error, Appellant maintains the trial court's award of attorney fees is contrary to law and equity; therefore, should be reversed. Appellant submits the trial court misinterpreted this Court's opinion in *Norris I*, reading said decision as requiring it to grant the entire amount of fees and expenses requested by the College. Appellant notes the trial court failed to make certain findings. Specifically, the trial court did not find the College was adversely affected by Appellant's conduct, or that the fees charged were reasonable, or any reason for the award except for this Court's finding the filing of the Complaint by Appellant was frivolous.

**(¶20)** Appellant initially argues the trial court failed to find the College was adversely affect by his conduct. Appellant did not request the trial court issue findings of fact and conclusions of law; therefore, he has waived any error in the trial court's failure to make an express finding on this issue. Nevertheless, we find the evidence presented at the April 8, 2011 hearing supports a finding the College was adversely affected by Appellant's conduct.

**(¶21)** Appellant submits the College needed more than just a showing they incurred attorney fees in order to establish they were adversely affected. In support of his position, Appellant cites *Wiltberger v. Davis* (1996), 110 Ohio App.3d 46, 54, 673 N.E.2d 628. The *Wiltberg* Court held a party is not necessarily or presumptively adversely affected based *solely* upon the fundamental necessity of expending attorney fees to defend a lawsuit in general. Id. *Wiltberg* involved an action in which only some of the claims asserted were found to be frivolous, and an underlying breach of contract claim remained valid. According to the *Wiltberg* Court, the party seeking attorney fees

pursuant to R.C. 2323.51 must affirmatively demonstrate that he incurred additional attorney fees as a direct and identifiable result of defending the frivolous conduct in particular. Id. In the instant action, the entire complaint was found to be frivolous. Thus, all of the fees the College incurred were the direct and identifiable result of defending frivolous conduct.

**(¶22)** Appellant further asserts the trial court did not make a finding the fees charged by the College's counsel were reasonable. Again, Appellant did not request findings of fact and conclusions of law; therefore, has waived the issue of the trial court's failure to make such findings. But again, we find the evidence presented at the April 8, 2011 hearing supports a finding the fees charged were reasonable. Testimony presented at the hearing established the College incurred and paid the legal fees associated with this action. Attorney Richard Lovering, counsel for the College, testified as to the invoices and the amount of the fees charged in connection with this action. We find no error in the trial court's awarding Appellees the entire amount requested.

**(¶23)** In *Norris I*, this Court specifically found the Complaint filed by Appellant and his attorney was frivolous in its entirety. Once we so found, this became law of the case. The trial court was not required to set forth additional reasons for the award.

**(¶24)** Appellant's first assignment of error is overruled.

CROSS APPEAL

STATEMENT OF ADDITIONAL FACTS

**(¶25)** At the April 8, 2011 hearing, the College presented evidence of its attempts to settle the dispute over the amount of fees it was entitled to as a result of this Court's prior Opinion and Judgment Entry. Those attempts included a May 20, 2010

email from the College's counsel to Cross-appellee's counsel, Leonard Yelsky and his co-counsel [LaurynMae Yelsky];[2] a January 27, 2011 correspondence from the College's counsel to a Cross-appellee's counsel demanding $355,181.32 as expenses; and a March 7, 2011 correspondence from the College's counsel to Cross-appellee's counsel indicating a continued desire on behalf of the College to settle the matter for the amount previously demanded in its January 27, 2010 correspondence.  Cross-appellee made no response to either of the last two correspondences.[3]

(¶26)  Neither Cross-appellee nor his counsel offered any testimony or exhibits nor proffered any evidence at the April 8, 2011 hearing.

I

(¶27)  Herein, the College asserts the trial court erred by failing to award it prejudgment interest.  We disagree.

(¶28)  Prejudgment interest is authorized pursuant to R.C. 1343.03(C)(1), which provides in pertinent part:

(¶29)  "(C)(1)  If, upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case, interest on the judgment, decree, or order shall be computed as follows:

---

[2] We find this email irrelevant as to prejudgment interest on fees for frivolous conduct as it was sent before this Court's decision in the prior appeal.

[3] There is no indication Cross-appellee personally received a copy of these correspondences.

**(¶30)** "(b) In an action in which the party required to pay the money engaged in the conduct resulting in liability with the deliberate purpose of causing harm to the party to whom the money is to be paid, from the date the cause accrued to the date on which the order, judgment, or decree was rendered."

**(¶31)** The Ohio Supreme Court held in *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 495 N.E.2d 572, 574, "A party has not 'failed to make a good faith effort to settle' under [O.R.C. §1343.03(C)] if he has (1) fully cooperated in discovery proceeding, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party."

**(¶32)** Decisions regarding an award of prejudgment interest are within the sound discretion of the trial court. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83. The *Huffman* Court stated in order to find ". . . an 'abuse' in reaching such determination, the result must be palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Id. at 87.

**(¶33)** In support of its argument the trial court erred in not awarding it prejudgment interest, the College notes Cross-appellee's counsel failed to make any response to its correspondences dated January 27, 2011, and March 7, 2011, as noted supra; Cross-appellee's counsel filed "increasingly frivolous motions" to disqualify the court reporter and compel irrelevant testimony from Attorney Murray. We note the trial court sustained Cross-appellee's counsel's request to disqualify Chafins as court reporter for the April 8, 2011 hearing. And as noted earlier, because no proffer was

made as to what Attorney Murray's testimony would have been, we are reluctant to conclude it was irrelevant.

(¶34) The College cites *Szitas v. Hill* (2006), 165 Ohio App.3d 439, for the proposition the failure of either party to comply with any one of the factors set forth in the *Kalain* case establishes that party has failed to make a good faith effort to settle. We disagree with the *Szitas* Court's conclusion. While the *Kaplain* factors identifies when a party has not failed to make a good faith effort to settle, we do not believe the corollary (the failure to satisfy any one of the four factors) mandates a determination the party has not made a good faith effort to settle.

(¶35) The College points to nothing in the record to demonstrate Cross-appellee's counsel failed to fully cooperate in discovery following this Court's remand. Although the subpoenas for Chafins and Attorney Murray were eventually quashed, we are not convinced they unnecessarily directly delayed the proceedings as it appears it was Attorney Murray's motion to quash his subpoena which lead to postponement of the February 2, 2011 hearing. When coupled with Cross-appellee's counsel's successful disqualification of Chafins as the court reporter for that hearing, we find the trial court could have found Cross-appellee's counsel did not unnecessarily delay the proceedings.

(¶36) We agree Cross-appellee's counsel's failure to make any response to the College's two letters demanding $355,181.32, is a factor weighing in favor of a finding of

bad faith.[4]    However, we do not find such failure alone mandates an award of prejudgment interest.

(¶37)  In summation, while we feel there was ample basis to support an award of prejudgment interest, we decline to find the trial court's failure to do so amounts to an abuse of discretion.

(¶38)  The College's first assignment of error on cross-appeal is overruled.

II

(¶39)  Herein, the College challenges the trial court's failure to include Attorney LaurynMae Yelsky and the law firm Yelsky and Lonardo as parties being jointly and severally liable for the judgment for expenses.   The College's challenge appears prompted, at least in part, by an asset search conducted after the trial court's May 9, 2011 Judgment Entry.  We find the College's reliance on the Affidavit of Jennifer Earley dated June 3, 2011, is inappropriate.  Such affidavit is not part of the record as it existed before the trial court at the time it executed its judgment.  We believe the College's claim of Cross-appellee's counsel's lack of assets is irrelevant to our analysis of this assigned error.  Furthermore, we do not consider Cross-appellee's counsel's willingness to "take the whole blame" or "assume the responsibility" is a misrepresentation of his ability to satisfy the judgment.

(¶40)  To resolve the issue presented, we must look to the original Complaint filed in this matter and to the College's December 17, 2008 and March 31, 2011 motions for expenses.

---

[4] Given this Court's two prior rejections of Cross-appellee's counsel's argument based on the *L & N* case, we find his counsel's belief our prior decision was unjust, though sincerely and earnestly held, does not demonstrate a rational evaluation of his risks and potential liability.

**(¶41)** It is undisputed the Complaint found by this Court to be frivolous was signed both by Leonard Yelsky and LaurynMae Yelsky. The College's December 17, 2008 Motion for Expenses requested an award against both Cross-Appellee and his counsel. We note "counsel" can be singular or plural. The Certificate of Service indicates the motion was served upon Leonard W. Yelsky, Esq., LaurynMae Yelsky, Esq., and Yelsky & Lonardo.

**(¶42)** The College's March 31, 2011 Motion for Expenses and Prejudgment Interest requested an award as a result of Cross-appellee and his counsel's frivolous conduct. The memorandum in support thereof notes the Complaint was filed by Cross-appellee and his attorneys (plural). The Cerficate of Service indicates this new motion was served on Leonard W. Yelsky, Esq., LaurynMae Yelsky, Esq. and Yelsky & Lonardo.

**(¶43)** The docket reflects a copy of a "<u>HEARING REASSIGNMENT</u>" notice setting the College's Motion For Expenses for hearing on February 2, 2011, was sent to LaurynMae Yelsky and Leonard W. Yelsky, among others. The docket further reflects a copy of a "<u>HEARING REASSIGNMENT</u>" notice rescheduling a hearing on the College's Motion for Expenses for April 8, 2011, was sent to LaurynMae Yelsky and Leonard W. Yelsky, among others.

**(¶44)** Based upon the above, we find the trial court erred when it failed to include Cross-appellee's counsel LaurynMae Yelsky as being jointly and severally liable for the award. We decline to find error for failing to include "Yelsky & Lonardo" as a party jointly and severally liable for the award as there is no record demonstration

"Yelsky & Lonardo" is *sui juris* nor did the College request an award against "Yelsky & Lonardo" in either of its motion.

**(¶45)** The College's second assignment of error on cross-appeal is sustained, in part, and overruled, in part.

**(¶46)** The judgment of the trial court is affirmed, in part; reversed, in part; and the case remanded for further proceeding in accordance with our Opinion and the law.

By: Hoffman, P.J.

Wise, J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JOHN NORRIS, EXECUTOR, ET AL.          :
                                       :
Appellant/Cross-Appellee               :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
PHILANDER CHASE CORPORATION,           :
ET AL.                                 :
                                       :
Defendants-Appellees/Cross-Appellants  :          Case No. 11-CA-12


        For the reasons set forth in our accompanying Opinion, the May 9, 2011

Judgment Entry of the Knox County Court of Common Pleas is affirmed in part;

reversed in part; and the case remanded to the trial court for further proceeding in

accordance with our Opinion and the law.   Costs of the appeal are assessed to

Appellant.  Costs of the Cross-Appeal are to be divided equally.


                              s/ William B. Hoffman_____
                              HON. WILLIAM B. HOFFMAN


                              s/ John W. Wise _____
                              HON. JOHN W. WISE


                              s/ Julie A. Edwards_____
                              HON. JULIE A. EDWARDS